**Clive Allen SEAL, Plaintiff/Appellee,**

**v.**

**Jill Annette SEAL, Defendant/Appellant.**

Court of Appeals of Tennessee, Western Section, at Jackson.

Dec. 17, 1986.

Application for Permission to Appeal Denied by Supreme Court March 9, 1987.

Robert M. Fargarson of Neely & Green Fargarson & Brooke, Memphis, for defendant/appellant.

David E. Caywood of Picard & Caywood, Memphis, for plaintiff/appellee.

TOMLIN, Presiding Judge (W.S.).

Husband filed a petition for modification of a final divorce decree in the Chancery Court of Shelby County seeking judicial relief from periodic alimony payments, alleging changed circumstances—i.e., the alleged refusal of Wife to seek gainful employment. The chancellor granted Husband's petition to modify, reducing the monthly alimony award of $2,300 by $500 per month beginning April 1, 1986 and by an additional $500 per month beginning October 1, 1986. The sole issue presented by Wife's appeal is whether there was a substantial change in circumstances to justify the chancellor's action. We hold that there was not and reverse and dismiss the decree of the chancellor as to Husband's petition.

Husband was granted a divorce on the ground of irreconcilable differences. Both parties were represented by counsel in the divorce proceedings. A property settlement and child custody agreement was entered into by Husband and Wife. The agreement was ultimately approved by the chancellor and incorporated into the final decree. This decree provided among other things that Husband was to pay Wife the sum of $2,300 per month as periodic alimony.

Husband filed his petition ten months following entry of the final decree of divorce alleging that Wife refused to seek employment. He maintained this action (or inaction) on her part constituted a material

change of circumstances entitling him to relief. Husband later amended his petition to allege a change in his financial condition that warranted a modification of the alimony award. This ground was abandoned by him at the hearing before the chancellor.

Wife responded, contending that Husband was in contempt of court for failing to comply with certain other provisions of the divorce decree. At the same time she filed a counter-petition seeking an increase in child support. The divorce referee denied both petitions. Husband appealed, the result of which was an evidentiary hearing before the chancellor. At the conclusion of the hearing, the chancellor ordered Husband to carry out those provisions of the divorce decree which he had not previously done and at the same time, without stating the grounds therefor, modified the periodic alimony provisions, as earlier noted.

## I. "CHANGED CIRCUMSTANCES."

At the time Husband's petition to modify was filed, T.C.A. § 36–820(a)(1) provided that "on application of either party, the court may decree an increase or decrease of such allowance [of support] on cause being shown." *Jones v. Jones*, 659 S.W.2d 23, 24 (Tenn.App.1983) set forth the judicial application of this statute, stating:

> Basically, the rule adopted by the courts is that such change in circumstances must be shown to have occurred since the original award as would justify a decrease or increase in the amount of the award. *Osborne v. Osborne*, (1946) 29 Tenn.App. 463, 197 S.W.2d 234. *"The equities of the present situation* must be developed and shown to justify an alteration of the terms of the previous decree." *Perry v. Perry*, (1946), 183 Tenn. 362, 192 S.W.2d 830. (Emphasis added.)

The changed circumstances concept was carried over into the Code by a 1985 amendment causing what was formerly Section 36–820, now Section 36–5–101(a)(1), to read, "on application of either party, the court may decree an increase or decrease

of such allowance only upon a showing of a substantial and material change·of circumstances."

While it is conceded that Wife, who was given custody of the parties' minor children, had not sought employment in the ten-month period between the date of the final decree and the filing of the petition to modify, it is also conceded that Wife was not employed at the time of the divorce, nor had she been employed for some three years prior to the divorce. Neither Husband nor his counsel caused language to be inserted in the property settlement agreement mandating that she immediately leave the home and seek employment. We are of the opinion that the cases and the Code as presently written mandate that the changes sought to be relied upon to effectuate a modification of alimony payments must be shown to have occurred *since* the entry of the decree ordering the payment of alimony. Clearly, Husband not only has failed to show this but concedes as well that no changed circumstances have occurred to support his request for relief from the alimony payments provided for in the divorce decree.

Notwithstanding the fact that the chancellor's decree is silent as to the grounds for his modification, counsel for Husband takes the position that the chancellor ruled that alimony was to be rehabilitative in this case. As noted, the decree is silent and we find nothing in the record to support such a conclusion. Furthermore, Husband's statement that "T.C.A. § 36–5–101 unequivocably [sic] establishes legislative intent demanding alimony to be 'rehabilitative, temporary support' " is not in our view a correct statement of the law. The trial court still has the discretion to award periodic alimony when circumstances are deemed to be appropriate. In the case before us, the chancellor approved a property settlement agreement between the parties that provided for the payment of periodic alimony and incorporated it into the final decree. T.C.A. § 36–5–101 had been enacted at the time the chancellor entered his decree.

Therefore, we must conclude that he approved the payment of periodic alimony and at the same time found that the facts and circumstances of the case did not dictate payment of rehabilitative short-term alimony.

For the reasons stated above, the chancellor's decree as to reduction of Wife's alimony is reversed. Husband's petition is dismissed. Costs in this cause are taxed to Husband, for which execution may issue, if necessary.

CRAWFORD, J., and NEARN, Special Judge, concur.