Nell K. Hayden JONES,
Plaintiff–Appellee,

v.

William Walter JONES,
Defendant–Appellant.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Oct. 11, 1989.

Application for Permission to Appeal
Denied by Supreme Court
Feb. 5, 1990.

Mike Binkley, Nashville, for plaintiff-ap-pellee.

Edward L. Hiland, Janice S. Walden, Nashville, for defendant-appellant.

## OPINION

LEWIS, Judge.

This appeal by the defendant William Walter Jones (Husband) presents two issues: (1) Whether the trial court's judgment entered on 8 October 1987 is *res judicata* regarding the Husband's obligation to maintain life insurance, and (2) whether the trial court erred in failing to grant the Husband greater relief from his alimony obligation. Plaintiff Nell K. Hayden Jones (Wife), pursuant to Tenn.R. App.P. 13(a), presents one issue: Whether a sufficient change in circumstances has been shown to warrant any reduction in alimony.

We first review the history of this litigation.

In November 1981, the Wife was awarded an absolute divorce on the grounds of cruel and inhuman treatment. The Wife was awarded, *inter alia*, alimony in the amount of $1500 per month and the Husband was ordered "to continue the life insurance he now has in full force and effect, and there shall be no change therein insofar as the Court is concerned."

The Husband appealed and this Court reduced the alimony from $1500 per month to $1000 per month on the basis that the Husband's net earnings were only $2470 per month. In all other respects, the trial court's judgment was affirmed.

Subsequently, the parties have made liberal use of the trial court in attempts to adjust portions of the original judgment.

In July 1983, the Husband filed a petition in which he sought, among other things, to have his alimony obligation reduced because of an alleged change in circumstances. By order entered on 14 February 1984, the trial court denied the Husband's request for a reduction.

On 30 April 1986, the Husband filed a petition seeking a reduction of his alimony based on the fact that he was unemployed and unable to find employment. In May 1986, he filed an amendment to his petition requesting that he be relieved from maintaining a $90,000 life insurance policy which had been procured and maintained in connection with his employment with Service Merchandise. His employment with Service Merchandise had been terminated. In August 1986, the trial court denied the petition for reduction of alimony and held that "the life insurance benefits awarded to [Wife] in the final decree of divorce was a division of marital property and thus not subject to modification." The trial court reserved the question concerning the amount of the insurance policy, and in January 1987 held a hearing where it determined that the face amount of the policy was $90,000 as of the date of divorce. The trial court ordered the Husband to procure a policy in this amount with the Wife named as irrevocable beneficiary. No appeal was taken from that order.

In November 1987, the Husband filed yet another petition seeking a termination of his alimony obligation. This request for termination of alimony was also based on the fact that he had lost his job and had depleted his share of the marital estate. In July 1988, he amended the petition to add the allegation that the alimony should be reduced based upon the fact of the Wife's ability to work and her needs.

The Wife answered denying all material allegations and filed a counter-petition for contempt. This contempt was based upon the Husband's failure to maintain the Wife as beneficiary on two of the three insurance policies which were in effect at the time of the divorce, and failure to procure the $90,000 policy as had been ordered by the court. She also sought contempt for the Husband's failure to pay alimony.

The Husband answered the counter-petition and contended that the court's orders relative to the $90,000 life insurance policy terminated his obligations relative to the other policies on the grounds of *res judicata*.

The trial court found the Husband's argument to be without merit and ordered him to maintain in full force and effect three life insurance policies which were awarded to the Wife in the 1981 decree and which the trial court had held were a part of the marital estate in the August 1986

order. Those three policies were a $90,000 policy, a $52,000 policy, and a $1,000 policy.

■ We first discuss the Husband's issue of "whether the trial court's ruling relative to the Husband's obligation for life insurance was *res judicata* in light of the court's ruling relative to these matters on October 8, 1987, from which there was no appeal."

There is no dispute that at the time of the divorce the Wife was the beneficiary of three separate life insurance policies. The decree entered at the time of the divorce in 1981 stated:

> It is further ORDERED, ADJUDGED and DECREED by the Court that the [Husband] shall continue the life insurance he now has in full force and effect and there shall be no change therein insofar as the Court is concerned.

In the Husband's petition filed in May 1986, he acknowledged the life insurance provisions of the final decree but requested relief relative to the $90,000 policy which "was purchased in connection with his employment." Because he had been terminated from that employment, Husband alleged that "it is not economically feasible to keep this life insurance policy in full force and effect and he would ask the court to be relieved of this obligation." The Husband did not request any relief relative to the $52,000 policy and the $1,000 policy.

The trial court, in its order of August 1986 from which there was no appeal, found that "the life insurance benefits awarded to [the Wife] in the final decree was a division of marital property and thus not subject to modification."

For two reasons we are of the opinion that the Husband's first issue is without merit. First, the order of 6 August 1986 held that the life insurance benefits which had been awarded to the wife in the final decree of 1981 was a division of marital property and not subject to modification.

That order was not appealed from. The 1981 decree awarded the wife three policies: a $90,000 policy, a $52,000 policy, and a $1,000 policy.

It is not necessary for this Court to determine whether the language in the original divorce decree was sufficient to establish that the life insurance was a division of marital property and therefore not modifiable by the court in 1986. Even if the Husband could convince this Court that the language in the decree was ambiguous in that regard, the trial court's August 1986 order clarified that point. Because the 1986 order was not appealed from within the time allowed by Tenn.R.App.P. 4(a), the holding of the trial court that the insurance benefits were not modifiable is "the law of the case."[1] *Tenn. Eastern Co. v. Hannah,* 157 Tenn. 582, 586, 12 S.W.2d 372, 373 (1928); *Hicks v. Rhea Co.,* 189 Tenn. 383, 388, 225 S.W.2d 544, 546 (1949).

■ Secondly, there is no validity to the Husband's contention that an order entered on 8 October 1987 requires him to maintain only a $90,000 policy and that "the [October] order became res judicata as to [the] issue" of the amounts of insurance awarded under the divorce decree. The October order did not speak to the $52,000 and the $1,000 policies. The court only had before it the Husband's petition that he be relieved from maintaining the $90,000 policy "which was purchased in connection with his employment." Because the court did not have before it the award of the $52,000 and $1,000 policies, the October order did not alter the Husband's original obligation to maintain them as set out in the 1981 divorce decree.

For these reasons the Husband's first issue is without merit.

We discuss together the Husband's second issue of "whether the trial court erred in failing to grant him greater relief from his alimony obligation" and the Wife's is-

---

1. "Under the doctrine of the law of the case, a decision on an issue of law made at one stage of the case becomes a binding precedent to be followed in successive stages of the same litigation." 1B *Moore's Fed. Practice* § 0.404[1]. "Until it is set aside in some lawful manner, a ruling which was not objected or excepted to, nor appealed from, is binding and conclusive on the appellate court as the law of the case concerning the matter to which it is directed." 5 C.J.S. *Appeal and Error* § 1464(1) p. 666 (1958) (footnote omitted).

sue of "whether the trial court erred in reducing the amount of alimony."

■ It is well established that appellate courts should give deference to the decisions of the trial court in regard to alimony awards. *See Luna v. Luna*, 718 S.W.2d 673, 675 (Tenn.App.1986); *Lancaster v. Lancaster*, 671 S.W.2d 501, 502 (Tenn.App. 1984). However, our review is *de novo* with a presumption of correctness of the findings of the trial court. Tenn.R.App.P. 13(d).

When a decree has been modified in regard to alimony, "the order entered in that proceeding is res judicata, so that one cannot maintain a second petition for modification unless it can be shown that since the entry of the order on the first petition for modification there has been a substantial change of circumstances." 24 Am.Jur.2d *Divorce and Separation* § 711 (1983) (footnotes omitted). In *Seal v. Seal*, 726 S.W.2d 934 (Tenn.App.1986), this Court stated that "[w]e are of the opinion that the cases and the Code as presently written mandate that the changes sought to be relied upon to effectuate a modification of alimony payments must be shown to have occurred *since* the entry of the decree ordering the payment of alimony." *Id.* at 935 (emphasis in original). Therefore, we must look only to the evidence of events which have occurred between the 16 July 1986 hearing for a determination of alimony and the most recent hearing on 24 August 1988. In fact, the record shows that the trial court was insistent in limiting the proof to "substantial change[s] of circumstances from [the date of the last court order regarding alimony] forward."

While the testimony of the parties did reveal some changed circumstances, the record does not support the trial court's finding that the change in circumstances was substantial enough to warrant a reduction in alimony. Pursuant to Tenn.Code Ann. § 36–5–101(a), an award of alimony may be modified upon the showing of "a material, unanticipated change of relevant circumstances." Garrett, *Modification of the Changed Circumstances Doctrine*, Part 2: *Alimony* 2 T.F.L.L. 7 p. 12 (1988).

The trial court found in part as follows: After testimony of the parties on August 24, 1988, and after final arguments on November 10, 1988, the Court made a finding that the original petitioner and counter-respondent, William Walter Jones, was not a credible witness as to his employment and his ability to earn income. The Court further found that as a matter of fact that the original petitioner, William Walter Jones, was not believable under oath in this Court. The Court further found that there had been a material change in circumstances based solely upon the testimony of the respondent and counter-petitioner, Nell K. Hayden Jones.

The Husband argues that the trial court disregarded his testimony "based on [the trial court's] interpretation that it was difficult to get the husband to give information."

From our reading of the record, we would disagree with this statement. The evidence is overwhelming that the Husband's testimony was evasive, contradictory, and overall, not believable. The trial court had the opportunity to hear the Husband testify and to view his demeanor on the witness stand. "Where the witness[ ] ... appear[s] before [the trial judge], and present[s] a state of facts squarely to him, his decision of the credibility of the ... witness[ ] is final under the circumstances." *Early v. Street*, 192 Tenn. 463, 469, 241 S.W.2d 531, 534 (1951). The reason for this is that the trial judge alone has the opportunity to observe the manner and demeanor of the witness while testifying. *Tennessee Valley Kaolin Corp. v. Perry*, 526 S.W.2d 488 (Tenn.App. 1974). Appellate courts are restricted to the cold written word.

We therefore will look, as did the trial court, to the Wife's testimony to determine if there was such a change of circumstances that there should have been a modification of the alimony.

For the court to make any modification of alimony ... there must be a showing

of substantial and material change of relevant permanent circumstances since the divorce decree was granted. In addition changes in circumstances are not material if such changes were in the contemplation of the parties at the time they entered into the alimony and support agreement.

*Finch v. Finch*, 1987 WL 6370 (Tenn.App. at Nashville February 11, 1987) (citations omitted) (citing *Hicks v. Hicks*, 26 Tenn. App. 641, 176 S.W.2d 371 (1943)).

"The factors set forth in Tenn.Code Ann. § 36–5–101(d) are applicable in the initial grant of support and maintenance and also, where relevant, must be taken into consideration in arriving at whether there has been a change of circumstances that requires a modification of support and maintenance." *Threadgill v. Threadgill*, 740 S.W.2d 419, 422 (Tenn.App.1987) (footnote omitted).

Relevant factors in the instant case are:

(1) The relative earning capacity, obligations, needs, and financial resources of each party....;

....

(6) The separate assets of each party, both real and personal, tangible and intangible;

....

(8) The standard of living of the parties established during the marriage.

*Tenn. Code Ann.* § 36–5–101(d).

■ The Husband bases his argument largely on the first factor. He does not allege that his relative earning capacity has changed, but seems to argue that he is unable to pay the alimony because he is unemployed. Although the obligor's ability to pay is an important consideration for the court in setting alimony, *Campanali v. Campanali*, 695 S.W.2d 193 (Tenn.App. 1985), we are not in a position to afford any weight to that consideration here. The evidence shows that the Husband was unemployed at the time of the most recent hearing, but it does not show how this constitutes a substantial change in circumstances since the previous hearing for the termination of alimony held on 16 July 1986. At the time of the July 1986 hearing, Husband was unemployed, as was his present wife. At the August 1988 hearing, he was still unemployed. However, his present wife was earning $30,000 per year. Additionally, he had over $60,000 equity in a $232,000 home, he had received a net recovery of some $24,000 in a lawsuit, and his efforts to find a job had been hampered in great part by his insistence on a starting salary of $55,000.

■ The evidence also shows that Husband had purchased a $232,000 home since the July 1986 hearing. While this is an obligation he did not have in July, it is a voluntary obligation. The voluntary assumption of financial obligations does not constitute a change of circumstances. *Dillow v. Dillow*, 575 S.W.2d 289, 291 (Tenn. App.1978).

The record shows that the husband's circumstances in regard to his "obligations, needs, and financial resources" have not substantially changed since his last petition for termination of alimony was denied.

■ The Husband also argues that circumstances have substantially changed because of the Wife's increased earnings. It is true that the Wife's income has increased since the July 1986 hearing. However, this fact alone does not warrant a reduction in the Husband's alimony obligation. *See Threadgill v. Threadgill*, 740 S.W.2d 419 (Tenn.App.1987) (Periodic alimony not reduced where wife was unemployed at time of alimony award and was making $19,000 per year at time of hearing for modification of alimony); *Dodd v. Dodd*, 737 S.W.2d 286 (Tenn.App.1987) (Periodic alimony not reduced where wife completed her training as a registered nurse and was employed); *Finch v. Finch*, (Tenn. App. at Nashville, February 11, 1987) (Periodic alimony not reduced where wife's income quadrupled).

Although the need of the spouse is one of the primary criteria for determining the proper amount of alimony, modification of alimony based on the Wife's increased earnings is not proper in this case.

In regard to divorce decrees granted prior to 1984, "[t]he courts ... have not be-

fore placed a duty of rehabilitation upon the alimony recipient." *Hays v. Hays,* 709 S.W.2d 625 (Tenn.App.1986). Additionally, Husband has not introduced any evidence that the amount of alimony initially awarded was based on a presumption that the Wife would not continue to increase her income through the pursuance of her career. Absent such evidence, Husband has failed to carry his burden of proof that there has been a substantial change of circumstances in regard to the first statutory factor. *See Threadgill v. Threadgill,* 740 S.W.2d 419, 424 (Tenn.App.1987).

The next factor to be considered is "the separate assets of each party...." Tenn. Code Ann. § 36–5–101(d)(6). The Husband presented his only significant assets as being two automobiles and $60,000 equity in a $232,000 home. He offered no proof in regard to the Wife's assets, and she volunteered none. Since there is no proof that there was a change in either party's assets since the July 1986 hearing which would amount to a significant change in circumstances, the consideration of this factor does not warrant a reduction in the Husband's alimony obligation.

■ The final factor to be considered is "the standard of living of the parties established during the marriage." Tenn.Code Ann. § 36–5–101(d)(8).

In *Duncan v. Duncan,* 686 S.W.2d 568 (Tenn.App.1984), Judge Todd, writing for the Court, stated:

> [Section] 36–5–101 requires that an amount of income be ascertained which will provide for the wife to live in the manner to which she became accustomed during the marriage. From this amount should be subtracted her reasonably anticipated income from her own endeavors and from her property.... The result of

the subtraction will be the amount by which the husband is obligated to supplement the income of his wife to the extent of his ability....

*Id.* at 572.

There is no evidence to indicate that the Wife is now able to enjoy a higher standard of living. To the contrary, the evidence shows that even with alimony of $1,000 per month the Wife will still experience a deficit of $530 per month. It can hardly be said that this indicates an increase in the Wife's standard of living.

We have reviewed this case, taking into consideration each of the factors set forth in Tenn.Code Ann. § 36–5–101(d), especially paragraphs (1), (6) and (8). Following that review, we are of the opinion that the record does not support a modification of the alimony from $1,000 to $500 per month.

The judgment of the trial court is affirmed with regard to the order requiring Husband to maintain life insurance policies for the Wife's benefit. The judgment is reversed with regard to the trial court's modification of alimony and the monthly alimony of $1,000 as set by this Court in its 1982 order is reinstated.

This cause is remanded to the trial court for entry of judgment in accordance with this opinion, for the collection of costs which are assessed to the defendant William Walter Jones, and any further necessary proceedings.

TODD, P.J., and KOCH, J., concur.