# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

**February 27, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

WILLIAM M. KIZER,                    )
                                     )
        Plaintiff/Appellee,          )        Sumner General Sessions
                                     )        No. 2453-G
VS.                                  )
                                     )        Appeal No.
ANNA LYNN KIZER,                     )        01A01-9707-GS-00304
                                     )
        Defendant/Appellant.         )


APPEAL FROM THE GENERAL SESSIONS COURT
FOR SUMNER COUNTY
AT GALLATIN, TENNESSEE

THE HONORABLE BARRY BROWN, JUDGE


For Plaintiff/Appellee:                    For Defendant/Appellant:

Homer R. Ayers                             F. Dulin Kelly
Goodlettsville, Tennessee                  Clinton L. Kelly
                                           Andy L. Allman
                                           KELLY & KELLY
                                           Hendersonville, Tennessee


# MODIFIED AND REMANDED


WILLIAM C. KOCH, JR., JUDGE

# O P I N I O N

This appeal involves the dissolution of a sixteen-year marriage. After granting the wife a divorce based on the husband's inappropriate marital conduct, the Sumner County General Sessions Court divided the marital property and declined the wife's request for spousal support and attorney's fees. The wife appealed, contending that she was entitled to spousal support and attorney's fees based on her financial need and her husband's ability to pay.[1] We have determined that the wife is entitled to spousal support and, accordingly, modify the judgment to award the wife $100 per month in long-term spousal support.

## I.

William M. Kizer, now 72 years old, and Anna Lynn Kizer, now 68 years old, were married on August 21, 1981. They both had adult children from previous marriages. During the early part of the marriage, Mr. Kizer was employed by the Ford Glass Plant, and Ms. Kizer worked for Oscar-Mayer. Mr. Kizer was also a licensed real estate agent, and the parties worked together building and renovating houses for sale. In 1985, at Mr. Kizer's urging, Ms. Kizer took early retirement from Oscar-Mayer, but she continued assisting Mr. Kizer with his real estate dealings. Mr. Kizer retired from the Ford Glass Plant a year later but continued his real estate activities.

Mr. Kizer filed for divorce in the Sumner County General Sessions Court in July 1996, seeking a divorce on the grounds of inappropriate marital conduct or irreconcilable differences. Ms. Kizer counterclaimed for divorce. At trial, the parties stipulated that the divorce be granted to Ms. Kizer based on inappropriate marital conduct. The trial judge divided the marital estate equally by awarding Ms. Kizer the marital residence and other assets worth between $329,829 and $330,704 and by awarding Mr. Kizer three parcels of real estate and other assets worth between

---

[1]This court has direct appellate jurisdiction over the domestic relations decisions of Division II of the Sumner County General Sessions Court because Division II has concurrent jurisdiction over these cases with the circuit and chancery courts. *See* Act of Feb. 25, 1982, ch. 236, §§ 3 & 9, 1982 Tenn. Priv. Acts 89, 90-91.

$328,182 and $331,947.[2]  The general sessions court declined to award Ms. Kizer either spousal support or attorney's fees.  Ms. Kizer has appealed, arguing that the court should have granted her requests for spousal support and attorney's fees because she is unable to meet her current monthly expenses, while Mr. Kizer has a monthly surplus and an income three times greater than hers.

## II.
### MS. KIZER'S REQUEST FOR SPOUSAL SUPPORT

Trial courts have broad discretion in determining whether to award spousal support and in determining the amount and duration of this support.  *See Wilson v. Moore,* 929 S.W.2d 367, 375 (Tenn. Ct. App. 1996); *Jones v. Jones*, 784 S.W.2d 349, 352 (Tenn. Ct. App. 1989).  The courts are required by statute to take into account multiple factors when making an alimony determination, *see* Tenn. Code Ann. § 36-5-101(d)(1) (1996), but the most relevant considerations are the recipient spouse's need and the obligor spouse's ability to pay.  *See Aaron v. Aaron*, 909 S.W.2d 408, 410 (Tenn. 1995); *Kincaid v. Kincaid*, 912 S.W.2d 140, 144 (Tenn. Ct. App. 1995); *Smith v. Smith*, 912 S.W.2d 155, 159 (Tenn. Ct. App. 1995).

There is no absolute formula for determining whether alimony should be awarded.  The inquiry is factually driven and requires the careful balancing of many factors.  *See Crain v. Crain*, 925 S.W.2d 232, 233 (Tenn. Ct. App. 1996); *Loyd v. Loyd*, 860 S.W.2d 409, 412 (Tenn. Ct. App. 1993).  We must also consider the legislative preference for rehabilitative alimony, *see* Tenn. Code Ann. §36-5-101(d)(1),  but this preference does not preclude awarding long-term alimony when rehabilitation is not feasible.  *See Self v. Self*, 861 S.W.2d 360, 361 (Tenn. 1993).  The Tennessee Supreme Court has approved awarding "closing in" money to allow an economically disadvantaged spouse to more closely approximate his or her former economic position.  *See Aaron v. Aaron*, 909 S.W.2d at 411.

The prospects of Ms. Kizer's economic rehabilitation are quite guarded under the facts of this case.  She is now 68 years old and is nearing the end of her working

---

[2]We are unable to determine the precise value of the property awarded to the parties because the general session court did not assign a value to all the property.

years. She currently earns approximately $150 per month doing demonstrations at grocery stores and depends on her retirement and social security for her remaining income. Realistically, Ms. Kizer has no reasonable prospect for increasing her earnings or accumulating additional capital assets.

This marriage lasted more than fifteen years. During this time, Ms. Kizer worked and maintained the home. She also assisted Mr. Kizer with his real estate ventures by painting, wallpapering, trimming, and landscaping the houses that they sold. By acceding to Mr. Kizer's suggestion that she take early retirement from Oscar-Mayer, Ms. Kizer "drastically" reduced her monthly pension payments and, thus, her income after the divorce.

Both Mr. and Ms. Kizer are now retired and in good health. The evidence clearly demonstrates that there is a disparity in their earning capacity, obligations, and need. Ms. Kizer has a monthly income of $940, but her current monthly obligations are $1,673.90. Even if we were to accredit Mr. Kizer's assertion that Ms. Kizer's monthly expenses are overstated, Ms. Kizer still faces a substantial monthly shortfall.[3] Without spousal support, Ms. Kizer will be forced to begin depleting the assets she was awarded in the property division in order to support herself.

In stark contrast to Ms. Kizer, Mr. Kizer has a monthly income of $2,677, part of which is attributable to the income-producing property he received as part of the division of the marital estate. His income is close to three times that of Ms. Kizer's. His income exceeds his expenses by approximately $1,592 each month. He has much better prospects for increasing his income and for accumulating additional capital assets because he is a licensed real estate agent with over fifteen years of experience. Considering Mr. Kizer's ability to pay, Ms. Kizer's need and impaired earning capacity, Ms. Kizer's substantial contributions to the marriage, and the equities of the situation, we find that Mr. Kizer should be required to pay Ms. Kizer $100 a month in long-term spousal support until her death or remarriage or until Mr. Kizer demonstrates that she no longer needs this spousal support.

**III.**

---

[3]Mr. Kizer took specific issue with Ms. Kizer's monthly budget allocating $200 for clothing, $150 for church donations, and $125 for gifts.

## MS. KIZER'S REQUEST FOR ATTORNEY'S FEES

Ms. Kizer also asserts that the general sessions court erred by refusing to award her attorney's fees. She argues that denying her request for attorney's fees will place her in a worse financial condition than she was in prior to the divorce and that the parties' economic disparity justifies an award of fees. We disagree.

An award of attorney's fees in a divorce action is treated as alimony, *see Smith v. Smith*, 912 S.W.2d 155, 161 (Tenn. Ct. App. 1995); *Gilliam v. Gilliam*, 776 S.W.2d 81, 86 (Tenn. Ct. App. 1988), and lies within the sound discretion of the trial judge. *See Aaron v. Aaron*, 909 S.W.2d at 411; *Brown v. Brown*, 913 S.W.2d 163, 170 (Tenn. Ct. App. 1994). Such an award is proper when the spouse seeking attorney's fees either lacks the financial resources to pay legal expenses or would have to deplete other assets in order to do so. *See Kincaid v. Kincaid*, 912 S.W.2d at 144; *Brown v. Brown*, 913 S.W.2d at 170; *Thompson v. Thompson*, 797 S.W.2d 599, 605 (Tenn. Ct. App. 1990).

Ms. Kizer has received marital property worth approximately $330,000, and approximately $130,000 of this property is liquid. Even though she will be required to support herself with these funds, requiring her to pay $3,465 for her legal expenses will have little impact on her long-term financial well-being. Accordingly, we find that the general sessions court did not err by denying Ms. Kizer's request for attorney's fees.

## IV.

We affirm the final divorce decree as modified herein and remand the case to the general sessions court for the entry of an order directing Mr. Kizer to begin paying Ms. Kizer $100 per month in long-term spousal support beginning on the first day of the month following the issuance of our mandate. We tax the costs of this appeal in equal proportions to Anna Lynn Kizer and her surety and to William M. Kizer for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

-6-

_____
BEN H. CANTRELL, JUDGE