IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

**THOMAS HENRY CAMPBELL,**

    Plaintiff-Appellant,

Vs.

**RUTH CAROLINE CAMPBELL,**

    Defendant-Appellee.

Shelby Chancery No. D12056-2
C.A. No. 02a01-9803-CH-00073

FILED

**November 4, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

FROM THE SHELBY COUNTY CHANCERY COURT
THE HONORABLE FLOYD PEETE, JR., CHANCELLOR


David E. Caywood, Marc E. Reisman
Causey, Caywood, Taylor, McManus & Bailey of Memphis
For Appellee

Dennis J. Sossaman of Memphis
For Appellant


*AFFIRMED AND REMANDED*

Opinion filed:


**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**


**CONCUR:**

**DAVID R. FARMER, JUDGE**

**HEWITT P. TOMLIN, JR., SENIOR JUDGE**


This appeal involves a motion to modify an alimony award. Appellant, Thomas Henry Campbell (Husband), appeals from the Chancellor's order denying his motion to modify alimony and awarding Appellee, Ruth Caroline Campbell (Wife), attorney's fees and costs.

The parties were married on March 1, 1953 in Reno, Nevada. In December of 1982, the couple separated and on August 21, 1984, Husband filed a complaint for divorce on the grounds of irreconcilable differences. The parties entered into a Property Settlement Agreement (Agreement) on April 22, 1985. Subsequently, a final decree of divorce was entered on May 6, 1985[1] which approved and incorporated the Agreement.

The Agreement provides in pertinent part:

> Husband agrees to pay to Wife the sum of $1,500.00 per month as periodic alimony until Wife's death or remarriage. It is anticipated Wife may seek gainful employment and the fact she is receiving wages in an amount not to exceed $800.00 per month net pay after FICA and Federal taxes will not be a material change of circumstances so as to warrant a decrease in the amount of periodic alimony paid to her by Husband.

In addition, the Agreement required Husband to convey all of his right, title and interest in the marital residence to Wife with Wife to assume payments on the first mortgage. The Agreement also requires Husband to maintain a life insurance policy with Wife as beneficiary until she dies or remarries. Furthermore, the Agreement requires Husband to provide a hospitalization and major medical insurance policy for the benefit of Wife until she dies or remarries or becomes eligible for such through employment which is comparable to that available through Husband's employment at the time of the divorce.

On March 20, 1995, Wife filed a Petition for Scire Facias because Husband had unilaterally reduced and eventually terminated his alimony payments. On March 31, 1995, Husband filed a Motion to Modify the Decree specifically requesting the Chancellor "to reduce his support payments to $200.00 per month, with medical payments to $300.00 per month."[2] In support of his request, Husband alleges that there have been material and substantial changes in circumstances since the entry of the divorce decree warranting a reduction in his alimony obligation. Husband asserts that Wife's financial upswing, which included an inheritance from her mother's estate, coupled with his financial downturn, which resulted in filing for bankruptcy on his part, constitutes a substantial and material change of circumstances to justify the requested

---

[1] At the time of the divorce, there were no longer any minor children in the couple's home.

[2] In his brief before this Court, Husband's concludes by requesting that his alimony obligation be reduced to $300.00 per month.

reduction in alimony. In response to Husband's motion, Wife asserts that Husband is able to afford the support obligation and that she at all times has been in need of the support.

In late July of 1995, a Divorce Referee denied Husband's motion to modify the divorce decree and awarded attorney's fees to Wife in the amount of $20,000.00 plus costs in the amount of $685.10. Subsequently, Husband filed a motion in Chancery Court requesting the Chancellor to vacate the Referee's ruling with regard to the motion to modify and the award of attorney's fees. On June 6, 1996, the Chancellor entered an order denying the motion to modify, affirming the ruling of the Divorce Referee, and awarding Wife an additional $5,000.00 for attorney's fees incurred in defending the appeal.[3]

Husband appeals and presents the following issues for review: (1) whether Wife's inheritance coupled with Husband's bankruptcy constitute substantial and material changes of circumstances to warrant a reduction in alimony, and (2) whether the Chancellor erred in failing to overturn the initial award of attorney's fees and in awarding additional attorney's fees.

Our review of this case is governed by T.R.A.P. 13(d), which provides that review of findings of fact by the trial court shall be *de novo* upon the record of the trial court, accompanied by a presumption of correctness of the findings, unless the evidence preponderates otherwise. T.R.A.P. 13(d); ***Union Carbide Corp. v. Huddleston***, 854 S.W.2d 87, 91 (Tenn. 1993).

**Alimony**

Modification of an alimony obligation is authorized only if such is periodic alimony, as opposed to alimony *in solido*. ***Brewer v. Brewer***, 869 S.W.2d 928, 934 (Tenn. App. 1993). T.C.A. § 36-5-101, which provides for spousal support, states, in pertinent part, that "on application of either party for spousal support, the court may decree an increase or decrease of such allowance only upon a showing of a ***substantial and material change of circumstances***." T.C.A. § 36-5-101(a)(1) (1996 & Supp. 1998) (emphasis added). Whether there has been a sufficient showing of a substantial and material change of circumstances is in the sound discretion of the trial court. ***Wilkinson v. Wilkinson***, 1990 WL 95571, at *4 (Tenn. App. W.S. July 12, 1990) (citing ***Jones v. Jones***, 784 S.W.2d 349, 352 (Tenn. App. 1989)).

---

[3] The Chancellor determined that Wife had incurred $10,196.00 in attorney's fees in defending the appeal. However, in light of the fact that Wife had already been awarded attorney's fees incurred in the original hearing on this matter, the Chancellor reduced this amount to $5,000.00.

The party seeking relief on the grounds of a substantial and material change in circumstances has the burden of proving such changed circumstances warranting an increase or decrease in the amount of the alimony obligation. *Seal v. Seal*, 802 S.W.2d 617, 620 (Tenn. App. 1990). The change in circumstances must have occurred since the entry of the divorce decree ordering the payment of alimony. *Elliot v. Elliot*, 825 S.W.2d 87, 90 (Tenn. App. 1991). Furthermore, the change in circumstances must not have been foreseeable at the time the parties entered into the divorce decree. *Id.* If the change in circumstances was anticipated or in the contemplation of the parties at the time they entered into the property settlement agreement, such change is not material to warrant a modification of the alimony award. *Jones v. Jones*, 784 S.W.2d 349, 353 (Tenn. App. 1989).

The decision to modify the alimony obligation is factually driven and requires a careful balancing of several factors. *Cranford v. Cranford*, 772 S.W.2d 48, 50 (Tenn. App. 1989). The factors set forth in T.C.A. § 36-5-101(d), applicable to the initial grant of spousal support and maintenance, where relevant, must be taken into consideration in determining whether there has been a change in circumstances to warrant a modification of the alimony obligation. *Threadgill v. Threadgill*, 740 S.W.2d 419, 422-23 (Tenn. App. 1987).

While T.C.A. § 36-5-101(d) enumerates several factors for the court to consider, the need of the spouse receiving the support is the single most important factor. *Cranford*, 772 S.W.2d at 50. In addition to the need of the spouse receiving support, the ability of the obligor spouse to provide support is taken into consideration. *Id.*

As part of Husband's contention that his support obligation should be reduced, Husband asserts that Wife's inheritance of approximately $125,000.00 from her mother's estate subsequent to the divorce constitutes a substantial and material change in circumstances. Husband also contends that a reduction is justified because, in addition to the inheritance, Wife now owns the former marital house mortgage-free, purchased a new 1994 Honda vehicle with cash, and is now receiving Social Security benefits along with proceeds from a V.A. Dependent and Indemnity Fund.[4] Furthermore, Husband avers that his financial downturn, which includes his company's and his joint bankruptcy in 1990 and the loss of numerous property rights to

---

[4] Wife receives the V.A. fund for being a widow of a Korean War veteran.

foreclosure, warrants a reduction in alimony.

On the other hand, Wife asserts that Husband is a man of substantial wealth and earning potential. Wife contends in her brief that since the divorce Husband has substantially increased his assets:

> by acquiring an interest in a valuable Cadillac lease which is paid in full, an interest in a $30,000.00 Chevrolet Suburban which is titled in his live-in lady friend's name, an interest in real property in Shelby County, Tennessee, an interest in at least 4 parcels of real property in the State of Colorado, an interest in 107 condominiums in Memphis, Tennessee, an interest in two pieces of property in Mississippi, an interest in a limited liability corporation which, at least for the next 8 months, will pay him $4,000.00 per month as a return in capital and cash value in a life insurance policy.

Furthermore, Wife asserts that, along with the accumulation of numerous assets, Husband's income has increased since the time of the divorce, and that one of Husband's business entities substantially contributes to his living expenses which is not charged to him as income. According to Wife, despite the fact that Husband has gone through a bankruptcy proceeding, his financial situation and lifestyle have improved since the entry of the divorce decree.

Wife argues that even though her income has increased due to the inheritance she received and various other investments, Husband failed to prove that these matters were not in the contemplation of the parties at the time of the divorce decree. In addition, Wife asserts that while her income may have increased, the cost of living has substantially increased, and, as a result, she is barely able to afford her reasonable expenses even with the full amount of alimony.

It is true, as Husband argues, that inheritance may constitute a substantial and material change warranting a reduction in the award of alimony. *See Brewer v. Brewer*, 869 S.W.2d 928 (Tenn. App. 1993). However, as previously stated, the determination of whether there has been a change in circumstances to justify a modification in the support obligation is a factually driven inquiry determined on a case-by-case basis. So while inheritance by one spouse may constitute a change in circumstances in one case, inheritance under a different set of circumstances may fail to constitute such. *See Claiborne v. Claiborne*, 1988 WL 5684 (Tenn. App. E.S. Jan. 29, 1988).

While it is true that Wife has improved her financial status since the time of the divorce due in part to the receipt of the inheritance from her mother's estate, Husband has failed to carry

the burden thrust upon him in proving that such has constituted a substantial and material change of circumstances. It must have been foreseeable to the parties in a marriage of thirty-two years that Wife would receive an inheritance from her mother's estate. Regardless, Husband failed to carry his burden of proving that such was unforeseeable or that such was not within the contemplation of the parties at the time of the Agreement.

In addition, the Agreement suggests that the parties did not contemplate that $1,500.00 would be all the support that Wife would need. As noted above, the Agreement provides that if Wife received future income from employment, such would not constitute a change in circumstances. This suggests that the alimony agreed to was not contemplated to constitute all that Wife truly needed.

Furthermore, this Court does not believe that alimony of $18,000.00 per year was all that Wife truly needed to support herself nor is it sufficient for Wife to maintain the standard of living to which she was accustomed prior to the divorce. The record indicates that the parties enjoyed a comfortable standard of living during their marriage and there is no evidence presented to indicate that Wife is now able to enjoy a higher standard of living based on her alimony combined with the proceeds from the inheritance.[5] Wife's Affidavit of Income and Expenses establishes that she is just able to afford her reasonable expenses even when in receipt of the full amount of spousal support.

With regard to the marital residence, ownership of such mortgage-free was obviously foreseeable and within the contemplation of the parties at the time of the divorce decree. The Agreement provides for Wife to receive the marital residence and to assume the first mortgage. Surely it was foreseeable that the mortgage would be paid-off and Wife would thereafter own the home mortgage-free. Furthermore, the increase in equity in the marital home awarded to Wife cannot be considered to constitute a substantial and material change in circumstances. *See Norvell v. Norvell*, 805 S.W.2d 772, 775 (Tenn. App. 1990) ("[T]he increased value of marital assets received in a divorce decree is not to be considered as a factor constituting a substantial change in circumstances to support an alimony award reduction."). In addition, Wife's receipt of monthly Social Security benefits and proceeds from a V.A. Dependent and Indemnity Fund

---

[5] The record reveals that Wife receives through interest income and dividends from the investment of the inheritance approximately $610.00 per month.

6

were foreseeable and, thus, presumably within the contemplation of the parties at the time of the Agreement.

With regard to Husband's financial status, Husband's protestations of poverty are not supported by the record. At the time of the divorce, Husband had an income of approximately $75,000.00. Following the divorce, Husband's financial situation improved substantially according to the record. At the beginning of 1990, the year in which Husband filed the Chapter 11 bankruptcy, Husband's corporation, Professional Development Corporation, had a value of approximately $3,100,000.00. In addition, according to a financial statement prepared in 1994, Husband, approximately four years after the bankruptcy filing, had a net worth of approximately $2,700,000.00, and according to a 1994 W-2 form from Campbell Management Company, another business entity of Husband's, his wages were $84,700.00 which did not account for the numerous individual bills and debts paid for by the company. At the proceedings below, Husband contended that his salary was $2,467.00 per month which is approximately $30,000.00 a year. However, this amount does not include the substantial contributions his business entity provided for his living expenses which Wife asserts equals, at a minimum, approximately $88,000.00 a year when added to his salary.

Furthermore, in January 1995, during the time when Husband began to unilaterally reduce his support obligation, Husband's live-in girlfriend became an employee at his company with a $30,000.00 salary, and Husband tendered a check to her in the amount of $5,500.00. Also during this time, Husband leased a 1995 Cadillac and purchased a 1994 Chevrolet Suburban for $30,000.00.[6] Finally, there are numerous assets, such as, to name a few, a house in Memphis valued at $285,000.00 and two houses in Colorado valued at $385,000.00 and $415,000.00 respectively, that Husband has acquired since the Agreement.

The record indicates that while Husband may have suffered some financial setbacks due particularly to his profession as a real estate developer, Husband's financial situation has improved, not deteriorated, since the execution of the Agreement. After extensive discovery on the part of Wife, thwarted by evasive actions on the part of Husband, it was revealed that Husband's financial situation is not as disastrous as he claims. As previously stated, Husband

---

[6] Even though Husband's live-in girlfriend did not contribute financially, her name was listed on each of these transactions.

has acquired numerous rights in property and assets and has had significant increases in income since the divorce decree. The record simply does not support Husband's contention that there has been a substantial and material change of circumstances when consideration is given to Husband's entire financial situation. The record taken as a whole does not reveal a man who does not have the ability to provide $18,000.00 per year in alimony for which he is liable.

Husband's bankruptcy does not automatically constitute a substantial and material change of circumstances. *See Lampley v. Lampley*, No. 01A01-9708-CH-00423, 1998 WL 44938 (Tenn. App. M.S. Feb. 6, 1998). In *Lampley*, the husband had, since the entry of the divorce decree, filed a Chapter 7 bankruptcy, suffered several financial downturns, and had acquired numerous financial commitments. In contrast, the wife had acquired, as gifts from her mother and son-in-law, three real estate properties which were used as rental property, had built a new house for herself, and had numerous other financial upswings since the date of the divorce decree. In an attempt to reduce his alimony obligation, the husband contended that he could no longer pay the agreed alimony and that the wife was no longer in need of such. The wife responded by noting that the husband's earnings had increased since the divorce decree, that he had purchased a new home with his paramour and her children, and that he had numerous other assets unaffected by the bankruptcy. The Court, refusing to alter the husband's alimony obligation, said:

> Alimony is not a required provision in the marital dissolution agreement. . . . Nevertheless, the parties saw fit to include alimony in their agreement. It must be presumed that the alimony provision was part of the inducement or consideration for the other provisions regarding division of the marital estate. The Courts are justified in being reluctant to disturb an alimony obligation assumed under such conditions.

*Id.* at *5.

We agree with the trial court that the changes in circumstances since the entry of the divorce decree are not substantial or material insofar as Husband's ability to pay and the Wife's needs. Accordingly, we affirm the Chancellor's denial of Husband's motion to modify the divorce decree.

### Attorney Fees

Husband contends that the Chancellor erred in affirming the Divorce Referee's awarding Wife $20,000.00 for attorney's fees. Moreover, Husband contends that the Chancellor

committed further error in awarding Wife an additional $5,000.00 for attorney's fees incurred on appeal of the Referee's ruling.

T.C.A. § 36-5-103(c) authorizes recovery of reasonable attorney's fees incurred in the enforcement of a decree for alimony. *Brewer*, 869 S.W.2d at 936. The trial court has wide discretion in matters involving the awarding of attorney's fees. Thus, this Court will not interfere absent a showing of an abuse of that discretion. *Threadgill*, 740 S.W.2d at 426. Husband has failed to establish that the evidence preponderates against the Chancellor's affirmance and additional award of attorney's fees. It was Husband who unilaterally reduced and subsequently terminated his alimony obligation, causing Wife to take action to enforce payment. Husband's response included the motion for reduction, requiring Wife's counsel to enter a defense. Furthermore, the record indicates that Husband's evasive actions and attitude contributed significantly to the attorney's fees incurred by Wife. Thus, we find that the Chancellor did not abuse his discretion in the award of attorney's fees in the amount of $25,000.00 to Wife.

The judgment of the trial court is affirmed, and the case is remanded to the trial court for such further proceedings as may be necessary. Appellee's motion for attorney fees on appeal is denied. Costs of appeal are assessed against Appellant.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**


**CONCUR:**


_____
**DAVID R. FARMER, JUDGE**


_____
**HEWITT P. TOMLIN, JR.**
**SENIOR JUDGE**