**IN THE COURT OF APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**FILED**

**February 9, 2000**

**Cecil Crowson, Jr.
Appellate Court Clerk**

E1999–02289-COA-R3-CV

| | |
|---|---|
| JUDY LYNN PATTERSON CONNER, | ) C/A NO. 03A01-9903-CV-00095 |
| | ) |
| Petitioner-Appellant, | ) HAMILTON CIRCUIT |
| | ) |
| vs. | ) HON. JACQUELINE E. SCHULTEN, |
| | ) JUDGE |
| BILLY RAY CONNER, | ) |
| | ) AFFIRMED AS MODIFIED |
| Respondent-Appellee. | ) AND REMANDED |

SHERRY B. PATY, PATY, RYMER & ULIN, P.C., Chattanooga, for Petitioner-Appellant.

LESLIE B. McWILLIAMS, Chattanooga, for Respondent-Appellee.

**O P I N I O N**

Franks, J.

In this divorce action the wife has appealed and raises issues as to the amount of the alimony award and the division of marital property. The husband objects to an award of alimony *in futuro* and the Order requiring him to pay $2,047.20 for the wife's attorney's fees.

The parties were married in 1970. At the time the wife was 16 years old with a ninth grade education. The husband was age 22, and had an eighth grade education. Two children were born to the marriage, both of whom are now adults.

The youngest child continues to reside in the marital residence with the wife.

At the time of trial, the husband's income was $31,200.00 per year plus occasional bonuses. The wife has never been employed outside the home.

Following trial, the wife was granted a divorce on the grounds of inappropriate marital conduct, and was awarded the marital residence. The husband was awarded an equity interest in the residence in the amount of $11,500.00. The wife is to satisfy the lien within seven years of the order, or upon the sale of the residence, her remarriage or death, whichever occurs first. The husband was awarded his 401(k) plan maintained through his employment. Spousal support for the wife was set at $400.00 per month for one year and then $300.00 per month as alimony *in futuro*.

Trial courts have broad discretion to determine whether spousal support is needed and, if so, its nature, amount, and duration. *See Garfinkel v. Garfinkel*, 945 S.W.2d 744, 748 (Tenn. Ct. App.1996); *Jones v. Jones*, 784 S.W.2d 349, 352 (Tenn. Ct. App. 1989). The two most important factors in considering alimony, are the demonstrated need of the disadvantaged spouse and the obligor spouse's ability to pay. *See Kinard v. Kinard*, 986 S.W.2d 220 (Tenn. Ct. App. 1998). Alimony is not intended to provide a former spouse with relative financial ease, but the award must be made in such a way that the spouses approach equity. *Long v. Long*, 968 S.W.2d at 292, 295 (Tenn. Ct. App. 1997).

The evidence establishes that the wife needs support. She testified her monthly expenses total $962.00. While there is no evidence that the wife cannot work, it is unlikely that she will be able to earn enough to meet all of her needs, taking

2

into account her limited education, background and age. Accordingly, alimony *in futuro* was proper in this case. As to the amount of alimony awarded, we are required to take into account the husband's ability to pay. The husband had a net monthly income of $1,768.99, which figure included deductions for health insurance and his 401(k). He lists his monthly expenses at approximately $1601.83. This includes estimated rent cost of $400 per month and utilities of $150 per month. At the time, he was living rent free at his employer's place of business, but he would have to move once the divorce proceedings were concluded.

The Court obviously found some of the husband's expenses were unnecessary in making the award of alimony. We conclude that the award of $400.00 per month was appropriate, but we do not believe it should be reduced to $300.00 after twelve months. Of course, if there are material change of conditions, the award may be increased or decreased at any time.

The wife insists she should have been awarded the house in full or, in the alternative, that she should not have to pay off the equity within seven years.

Trial courts have wide discretion in the manner in which marital property is divided, and their decisions are accorded great weight on appeal. *Wade v. Wade*, 897 S.W.2d 702, 715 (Tenn. Ct. App. 1994); *Wallace v. Wallace*, 733 S.W.2d 102, 106 (Tenn. Ct. App. 1987). The Trial Court's decision on the distribution of marital property is presumed correct unless the evidence preponderates otherwise. *Wallace v. Wallace*, 733 S.W.2d 102, 106 (Tenn. Ct. App. 1987)

Tennessee Code Annotated § 36-4-121(c) sets forth the criteria which the courts of this state should consider in making an equitable distribution of marital

3

property.  Considering all the factors, we conclude that the Court's distribution of marital property was equitable, and we affirm.[1]

In determining whether to award attorney's fees, the Trial Court should consider the relative factors set forth in T.C.A. §36-5-101(d)(1), which factors govern the award of alimony.  *Houghland v. Houghland*, 844 S.W.2d 619, 623 (Tenn. Ct. App.1992).  Where the wife demonstrates that she is financially unable to afford counsel, and where the husband has the ability to pay, the court may properly order the husband to pay the wife's attorney's fees.  *Harwell v. Harwell*, 612 S.W.2d 182, 185 (Tenn. Ct. App.1980).

The husband argues that the wife was granted a greater portion of the marital property and she should pay her own attorney's fees.  He also argues that the wife "has not even bothered looking for a job".  While the wife was awarded a greater percentage of the assets, she did not receive any liquid assets to pay her fees.  She has no income, while the husband earns over $30,000 a year. We find no abuse of discretion by the Trial Court in awarding attorney's fees to the wife.

We affirm the judgment of the Trial Court, as modified, and remand with the cost of the appeal assessed one-half to each party.

_____
Herschel P. Franks, J.

CONCUR:

---

[1]

The marital house was valued at $33,000.00 at the time of the divorce.

4

_____
Houston M. Goddard, P.J.


_____
D. Michael Swiney, J.