IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 2000 Session

## JAMES WILLIAM BROOKS, III, v. SHIRLEY MARTHA (BROOKS) ZAPF.

**Direct Appeal from the Circuit Court for Hamilton County**
**No. 90-DR-2240     Hon. Jacqueline Schulten, Circuit Judge**

**FILED JULY 24, 2000**

**No. E1999-02665-COA-R3-CV**

The parties were divorced in 1991, and the husband was ordered to pay the wife alimony of $12,000.00 per year. Husband brought this action to terminate alimony, on the grounds that the wife subsequently received a substantial inheritance and no longer needed support. The Trial Judge terminated the alimony award, and the wife has appealed. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

William H. Horton, Chattanooga, for Appellant, Shirley Martha (Brooks) Zapf.

Jennifer H. Lawrence, Chattanooga, for Appellee James William Brooks, III.

**OPINION**

In this action to terminate alimony on the basis that the wife's inheritance had obviated the need for support from her former husband, the wife testified that she had received an inheritance from her uncle in 1997, worth approximately $270,000.00, and at the time of the hearing she had approximately $520,000.00 in her accounts and gained interest income of approximately $18,000 annually from these accounts. At the time of the divorce she had approximately $250,000.00 to $300,000.00 in inherited funds in her trust account. The wife testified that she was

not able to work at the time of the divorce for health reasons, and that she was still unable to work at the time of the hearing.

Regarding the inheritance from her uncle, she testified that she anticipated getting the inheritance at the time of the divorce, and that she took less money than she otherwise would have. Under cross-examination, however, she admitted that she had said in her deposition that the alimony amount was based upon what she needed and not what she expected to inherit. The husband testified that he knew the wife had an uncle, but did not know how much money he had or how long he would live.

The husband testified that he was working for TVA as he was at the time of the divorce, and that at the time of the divorce, and that he was now making $78,000.00 per year, as opposed to $60,000.00 per year at the time of the divorce.

The trial court held that the husband had proved a substantial and material change of circumstances, in that the wife had received an inheritance from her uncle, the wife's medical condition had not worsened since the divorce, and that the wife no longer needed the alimony.

The Trial Court's decision regarding modification of an alimony award is factually driven, and we give deference to the Trial Court's decision. *Cranford v. Cranford*, 772 S.W.2d 48 (Tenn. Ct. App. 1989); *Jones v. Jones*, 784 S.W.2d 349 (Tenn. Ct. App. 1989).

The wife testified that her medical expenses were higher now, but this testimony was significantly called into question on cross-examination. Regarding her assets and income, wife testified that she had approximately $520,000.00 in her accounts, and that she hoped to live 30 to 40 more years[1], and she had been advised that she should only take out 4 or 5 percent per year of principal. In 1996, the wife's tax return revealed that she had approximately $20,000.00 in spendable income, including interest, dividends, and alimony. In 1997, wife's tax return showed that she had $26,000.00 in spendable income, including interest, dividends, and alimony. In 1998, the wife's tax return showed that she had $32,000.00 in spendable income, including interest, dividends, and alimony.

We cannot say the evidence preponderates against the Trial Judge's finding that the wife no longer has a need for the alimony. T.R.A.P. Rule 13(d). Wife is 54 years old, has accounts worth $520,000.00 (which are producing income), and is receiving a monthly stipend from her uncle's retirement which she will get for 3 or 4 more years. She also testified and the Trial Court found that she will also receive a share of her former husband's social security benefits.

Further, the evidence does not preponderate against the Trial Court's finding that the wife's uncle's death and her subsequent inheritance from him was not a foreseeable event at the time of the divorce. The husband testified that he was aware that the wife had an uncle who might leave

---

[1] At the time of this hearing, wife was 54 years old and husband was 58 years old.

her something, but he could not predict when or how much inheritance the wife could get. The wife testified that she contemplated receiving the inheritance from her uncle at the time of the divorce, although her testimony was somewhat contradictory. The Trial Judge heard the testimony and is in the best position to weigh the evidence and judge witness credibility. We defer to the Trial Judge's finding on this issue. *Adelsperger v. Adelsperger*, 970 S.W.2d 482 (Tenn. Ct. App. 1997); *Brewer v. Brewer*, 869 S.W.2d 928 (Tenn. Ct. App.1993).

The wife relies on two unreported cases, *Claiborne v. Claiborne*, 1988 WL 5684 (Tenn. Ct. App. Jan. 29, 1988), and *Campbell v. Campbell*, 1998 WL 959669 (Tenn. Ct. App. Nov. 4, 1998), for the proposition where alimony recipients receive an inheritance, alimony payments should not be terminated. These cases are distinguishable from the facts of the this case. In *Claiborne,* the wife had taken less alimony than she needed, due to the fact the husband assumed responsibility for the extraordinary educational and medical expenses for the parties' children, and this was expressly recited in the property settlement of the parties, which became a part of the decree. In *Campbell*, the wife had agreed to alimony payments with the express stipulation that she could seek employment and earn an income and such would not be considered a material change in circumstances to warrant a decrease in alimony. The wife then inherited $125,000.00, and the Western Section of this Court found that it would not be a change of circumstances, because the parties' agreement had expressed that the alimony was insufficient to meet the wife's needs. It is undisputed that an inheritance, under some conditions, can constitute a change of circumstances. *Brewer v. Brewer*, 869 S.W.2d 928 (Tenn. Ct. App. 1993).

We affirm the judgment of the Trial Court, and remand, with costs assessed to Shirley Martha (Brooks) Zapf.

_____

HERSCHEL PICKENS FRANKS, J.