IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 20, 2004

## STATE OF TENNESSEE EX REL. LAURA FABRIZIO v. RICHARD R. CADMUS

**Appeal from the Circuit Court for Loudon County**
**No. 6353     Russell E. Simmons, Judge**

---

**No. E2003-01556-COA-R3-CV  - FILED JUNE 25, 2004**

---

In 2001, the trial court entered an order ("the 2001 order") awarding the State of Tennessee *ex rel.* Laura Fabrizio ("the State") a child support arrearage of $9,785. Subsequently, the same court, by order entered March 25, 2003, confirmed a referee's "Findings and Recommendations" adding interest of $2,152.70 to the original award. Richard R. Cadmus ("Father") seeks to go behind the 2001 order in an attempt to invalidate it on a number of grounds. The State, on the other hand, complains that the interest calculated by the referee and approved by the trial court is incorrect. We find no basis in the record submitted to us for disturbing the trial court's last order. Accordingly, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

Paul G. Summers, Attorney General and Reporter, and Warren Jasper, Assistant Attorney General, Nashville, Tennessee, for the appellant, State of Tennessee *ex rel*. Laura Fabrizio.

James M. Moore, Knoxville, Tennessee, for the appellee, Richard R. Cadmus.

## OPINION

### I.

In the case at bar, the State filed a pleading entitled "Petition for Modification" requesting, among other things, that Father be required to make payments on the 2001 order. The referee initially decreed that the State was then entitled to $26,419.50, which amount represents the original award of $9,785 plus interest of $16,634.50. Acting on Father's motion to set aside that decree, the

referee modified its earlier findings to reduce the interest award from $16,634.50 to $2,152.70. His modified findings include the following language:

> Original Judgment entered 5/29/01 of $9785 plus interest of $97.85 per month for 22 months ($2152.70). TOTAL Judgment $11,937.70[.]

The trial court approved the modified findings and recommendations. Both parties raise issues on appeal.[1]

## II.

In this non-jury case, our review is *de novo* upon the record of the proceedings below; but the record comes to us with a presumption of correctness as to the trial court's factual determinations that we must honor unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); ***Wright v. City of Knoxville,*** 898 S.W.2d 177, 181 (Tenn. 1995); ***Union Carbide Corp. v. Huddleston,*** 854 S.W.2d 87, 91 (Tenn. 1993). Our *de novo* review of the trial court's conclusions of law is not burdened with a presumption of correctness. ***Id.***

## III.

## A.

Father contends that the 2001 order decreeing an arrearage of $9,785 should be set aside. He relies on the equitable doctrine of laches and other equitable defenses as a basis for invalidating the earlier order. The State points out that Father's appeal of the 2001 order was dismissed by the Court of Appeals. It contends that Father has shown no basis in law for going behind that order in the present proceedings. We agree.

Under the law of the case doctrine, "a decision on an issue of law made at one stage of the case becomes a binding precedent to be followed in successive stages of the same litigation." ***Jones v. Jones***, 784 S.W.2d 349, 351 n.1 (Tenn. Ct. App. 1989) (quoting 1B James Wm. Moore et al., *Moore's Federal Practice* ¶ 0.404[1]). A "discretionary rule of practice," the law of the case doctrine "promotes judicial economy and consistency and also protects litigants from the burdens of repeatedly rearguing issues that have been decided." ***Ladd v. Honda Motor Co., Ltd.***, 939 S.W.2d 83, 90 (Tenn. Ct. App. 1996) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4478, at 788-90 (1981)). "It is not a limitation on a court's power like the doctrine of res judicata, but rather it is a common sense recognition that issues ordinarily need not be revisited once they have been litigated and decided." ***Id.*** (citing ***Messinger v. Anderson***,

---

[1] Both sides filed a notice of appeal. We dismissed Father's appeal. He was, however, permitted to raise an issue in his brief responding to the brief filed by the State. Since the State's appeal was allowed to proceed, we have referred to the State as the appellant even though Father's notice of appeal was filed first.

225 U.S. 436, 444 (1912); ***Mendenhall v. Barber-Greene Go.***, 26 F.3d 1573, 1582 (Fed. Cir.), *cert. denied*, 513 U.S. 1018 (1994)). As such, "[u]ntil it is set aside in some lawful manner, a ruling which was not objected or excepted to, nor appealed from, is binding and conclusive on the appellate court as the law of the case concerning the matter to which it is directed." ***Jones***, 784 S.W.2d at 351 n.1 (quoting 5 C.J.S. *Appeal and Error* § 1464(1) p. 666 (1958) (footnote omitted)). The 2001 order is a final order. The law of the case doctrine precludes Father from now raising defenses to the petition that led to the 2001 order. The trial court did not err in refusing to entertain Father's attempt to invalidate that order.

B.

The State contends that the trial court incorrectly computed interest on the 2001 order. It contends that the referee erred when he reduced his original interest award of $16,634.50 to $2,152.70.

The record does not establish that the $2,152.70 interest computation is wrong. That record is deficient in a number of respects. Significantly, we note that the 2001 order, though acknowledged by both sides to exist, is not in the record. The State's "Petition for Modification" says that the 2001 order was entered "on or about 8/14/01." The last "Findings and Recommendations" of the referee refers to an "[o]riginal [j]udgment entered 5/29/01." The State's brief indicates that the 2001 order was entered "[o]n August 15, 2001." Furthermore, there is no computation in the record showing how the referee arrived at the original interest figure of $16,634.50. When that figure is first mentioned in the referee's findings and recommendations filed August 13, 2002, it is contained in the following note:

Initial Judgment of $9,785.00 as of 5/31/88 plus $16,634.50 interest.

There is no further explanation.

The "bottom line" is that we have no way of knowing how the $16,634.50 interest figure was calculated. This being the case, we cannot say that it is the correct figure. We do know, however, that the interest figure of $2,152.70 was calculated at a rate of 12% per annum from and after May 29, 2001, *one* of the dates associated with the 2001 order. Since we do not know exactly when the 2001 order was entered, and since we do not know whether the original order of $9,785 included any interest, we are at a loss to say whether the final interest figure of $2,152.70 is right or wrong. In the absence of a more complete record,[2] we must presume that the trial court's order is correct. *See* ***Sherrod v. Wix***, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992). The presumption of correctness mandated by Tenn. R. App. P. 13(d) is applicable to this appeal. Accordingly, the State's issue is found to be without merit.

---

[2]The State did file a Statement of the Evidence pertaining to a hearing before the trial court on April 24, 2003. It is essentially one page in length and does not shed any light on the issues before us.

IV.

The judgment of the trial court is affirmed. Costs on appeal are taxed 50% to the State of Tennessee *ex rel.* Laura Fabrizio and 50% to Richard R. Cadmus. This case is remanded to the trial court for enforcement of that court's order of March 25, 2003, and for collection of costs assessed below, all pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE