IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

# CATHY LEE BARNES WILLIAMS v. RODNEY LEE WILLIAMS.

**Direct Appeal from the Circuit Court for Davidson County**
**No. 93D-961    Marietta Shipley, Circuit Court Judge**

---

**No. M1999-00221-COA-R3-CV- Decided June 27, 2000**

---

This is a post-divorce petition for reduction in alimony. The wife's income had increased because she began working full-time instead of part-time, and her expenses decreased because the parties' son graduated from college and the parties' daughter, living with the wife, was close to obtaining her professional license. The husband was unemployed at the time of the hearing. The trial court granted the husband's petition, finding that husband's decrease in income was temporary, but holding that the wife's increase in income, combined with the decrease in her expenses, constituted a substantial and material change in circumstances sufficient to justify a reduction in alimony. We reverse, finding that the changes in the wife's circumstances were foreseeable when the parties entered into the marital dissolution agreement, and therefore do not support the trial court's finding of a substantial and material change in circumstances.

**Tenn. R. App. P. 3; Judgment of the trial court is reversed and remanded.**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J.,W.S., and ALAN E. HIGHERS, J. joined.

Mary Anne Kevil, LaGrange, Kentucky, for the appellant, Cathy Lee Barnes Williams.

F. Dulin Kelly and Andy L. Allman, Henderson, Tennessee, for the appellee, Rodney Lee Williams.

## OPINION

Appellee Rodney Lee Williams ("Husband") and Appellant Cathy Lee Barnes Williams ("Wife") were divorced on January 9, 1995, after twenty-one years of marriage. The parties had two children, Rodney Lee Williams, Jr. ("Rodney") and Alesha Lee Williams ("Alesha"), twins, who were twenty years old at the time of the divorce. Rodney was in college at The University of Tennessee at Knoxville. Alesha, who had a baby, lived at home with Wife. Wife earned approximately $20,000 a year from a part-time job as a pharmaceutical salesperson. Husband earned approximately $143,419.13 per year as a sales manager at a car dealership.

Prior to the divorce, the parties entered into a marital dissolution settlement agreement ("agreement"). This agreement, with the exception of one provision relating to life insurance, was ultimately incorporated into the parties' final decree of divorce. The agreement provided for spousal

support as follows:

> The parties acknowledge and agree that the husband has the ability to pay and the wife has the present and future need for spousal support until her death or remarriage, based, in part, on the relevant criteria set forth at T.C.A. 36-5-101(d) (1) (A-L), including, but not limited to, the duration of the marriage and the relative future health and earning capacities of the parties.
> Therefore, the parties agree that, in the event of the separation and/or divorce, the husband shall pay the wife the total cash sum of not less than Four Thousand Dollars ($4,000) per month as alimony in futuro, until the death or remarriage of the wife.

The agreement provided that the parties' liquid assets be divided 60% to Wife and 40% to Husband. The agreement contained no provision on the payment of tuition and school expenses for either child. After the divorce, Wife assumed the responsibility of paying Rodney's college tuition and expenses, of supporting Alesha and the parties' grandchild, and of assisting Alesha in completing her training as a licensed practical nurse.

On January 20, 1998, Husband filed a petition to modify the award of alimony, arguing that there had been a substantial and material change in circumstances sufficient to justify a decrease in his alimony obligation. A hearing was held on the petition on January 20, 1999. Husband argued that Wife had increased her income by working full-time instead of part-time, had saved from her earnings and had earned interest on her savings. He also argued that Wife's expenses had decreased after Rodney's graduation from college, and noted that Alesha was expected shortly to complete her nursing education.

At trial, Wife acknowledged that in 1998 she had grossed $61,778 from her full-time position as a pharmaceutical salesperson, and that in 1997 she had earned approximately $7500 in interest on her savings account. She did not dispute that she no longer had the expense of Rodney's college tuition.

Husband also argued that his ability to pay the agreed-upon level of alimony had decreased, due to the additional expenses he had incurred with the birth of a new child, and his recent decline in income. Husband testified that his income had been $165,149 in 1995, $142,221 in 1996, $122,722 in 1997, and $90,472 in 1998. Husband testified that he was unemployed at the time of the hearing. He acknowledged, however, that his new wife earned between $50,000 and $60,000 per year, that he and his wife had reported a combined income of $174,088 in 1997, and that he had been able to meet his alimony obligations to date without having to alter his lifestyle. He admitted that he had no immediate plans to sell his $290,000 home, either of his two vehicles, or his boats.

On February 3, 1999, the trial court issued an order reducing Husband's alimony obligation to $2500 per month. The trial court found that Wife's increase in income, combined with the decrease in her expenses due to the son's graduation from college and the daughter's maturation, was a material change in circumstances justifying the decrease in alimony. The trial court did not base its finding of a substantial and material change in circumstances on Husband's current unemployment, stating that it assumed that Husband would quickly find another job, and that his

income would remain at essentially the level it was at the time of the divorce.[1] The trial court's order states:

> It appears to the Court from an examination of the records, evidence presented to the Court, and the testimony of the parties that there has been a material and substantial change in the circumstances of Cathy Williams that would warrant a reduction in alimony payable to her.
>
> The Court find [sic] such material and substantial changes in circumstances to be a substantial increase in the income of Cathy Williams and a substantial decrease in the expenses of Cathy Williams, particularly the graduation of the parties' son from college and the maturation of the parties' daughter who is nearing completion of her education.

From this order, Wife now appeals.

Wife argues on appeal that the preponderance of the evidence does not support the trial court's finding of a material and substantial change in circumstances sufficient to justify the decrease in alimony. Wife contends that, under Tennessee case law, Husband is required to show that the change in circumstances is permanent, and that it was not within the contemplation of the parties at the time of the divorce. She asserts that the changes cited by Husband, the son's graduation from college and Wife's increased income due to full-time work, were within the contemplation of the parties at the time of the divorce, and that Husband's unemployment was temporary. Wife asks that this Court reverse the trial court's decision and reinstate the $4000 per month alimony award. She also asks that she be awarded her attorney's fees and costs for the appeal.

Husband argues that neither party anticipated Wife's substantial increase in income, or Husband's loss of employment, at the time of the divorce decree. Husband asserts, therefore, that the trial court appropriately reduced his alimony obligation since Wife had a greater income and fewer needs, while Husband had a reduced ability to pay. Husband argues, however, that the trial court did not sufficiently reduce Wife's alimony award. Husband contends that an award of $2500 per month exceeds Wife's current needs and leaves her with a windfall. Husband asks that this Court further reduce Wife's alimony to $1500 or less per month, and deny her request for attorney's fees.

Our review of this case is governed by Rule 13(d) of the Tennessee Rules of Appellate Procedure, which states that appellate review of the findings of fact by the trial court shall be *de novo*

---

[1] On February 11, 1999 Wife's attorney filed a motion to admit post-judgment evidence, seeking to introduce evidence, *inter alia*, that immediately after the trial Husband took his new family for a vacation in Florida, and that as soon as he returned to Nashville, Husband began working at Beaman Automotive Group, on February 1, 1999. Husband's counsel protested the admission of this post-judgment evidence, arguing that it was irrelevant since the trial court had stated that its finding of a substantial and material change in circumstances was not based on Husband's unemployment. The trial judge commented that the post-judgment evidence simply confirmed her assumption that Husband would not remain unemployed for long, and denied Wife's motion.

on the record, accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d).

Tennessee Code Annotated § 36-5-101 (a)(1) provides that a court may increase or decrease the amount of alimony awarded in a divorce "only upon a showing of substantial and material change in circumstances." Tenn. Code Ann. §36-5-101(a)(1) (Supp.1999). The burden to show substantial and material change of circumstances falls on the party seeking modification of the award. *Sanella v. Sanella*, 993 S.W.2d 73, 76 (Tenn. Ct. App. 1999); *Elliot v. Elliot*, 825 S.W.2d 87, 90 (Tenn. Ct. App. 1991); *Seal v. Seal*, 802 S.W.2d 617, 620 (Tenn. Ct. App. 1990). To be considered substantial and material, the change in circumstances must have occurred after the entry of the divorce decree, and must not have been anticipated by the parties at the time of the divorce. *McCarty v. McCarty*, 863 S.W.2d 716, 719 (Tenn. Ct. App. 1992); *Eliot*, 825 S.W.2d at 90; *Seal*, 802 S.W.2d at 621.

An increase in income by an alimony recipient is not enough, without more, to warrant a reduction in alimony. *See McCarty*, 863 S.W.2d at 720 (citing *Norvell v. Norvell*, 805 S.W.2d 772, 774-75 (Tenn. Ct. App. 1990); *Seal v. Seal*, 802 S.W.2d 617, 620 (Tenn. Ct. App. 1990); *Jones v. Jones*, 784 S.W.2d 349, 353-54 (Tenn. Ct. App. 1989); *Threadgill v. Threadgill*, 740 S.W.2d 419, 423-24 (Tenn. Ct. App. 1987); *Dodd v. Dodd*, 737 S.W.2d 286, 288-89 (Tenn. Ct. App. 1987)). *See also Sanella*, 993 S.W.2d at 76; *Elliot*, 825 S.W.2d at 91. In *McCarty*, the wife's income increased substantially after the divorce, from $3000 to $43,000 per year, due to her move from part-time to full-time employment and the interest she received from the investment of assets received in the divorce. *McCarty*, 863 S.W.2d at 720. The husband cited the wife's increase in income as one of the factors to support his petition to terminate his alimony obligations. *Id.* at 719. The trial court found that there had been a substantial and material change in circumstances and reduced the wife's alimony payments from $2,200 to $1,700 per month. This Court reversed, finding that there had not been a substantial and material change in circumstances, within the meaning of Tenn. Code Ann. § 36-5-101(a)(1), sufficient to warrant the reduction in alimony. *Id.* at 720. The McCarty court discussed the wife's increased income:

> An alimony recipient's income alone does not warrant a reduction in the husband's alimony obligations. Although the need of the spouse is one of the primary factors in determining the proper amount of alimony, modification of alimony based solely on a wife's increased earnings is not proper unless the husband introduces evidence indicating that the amount of alimony initially awarded was based upon a presumption that the wife would not continue to increase her income through the pursuit of her career.

*Id.* (citations omitted). Despite the husband's contention that he had not known that the wife would return to work full-time after the divorce, this Court found that it was "sufficiently foreseeable" that she would do so, and that the wife's increase in income did not support a reduction in alimony. *Id.* The Court also found that the wife's interest income from property she received in the division of marital property "is not a sufficient basis on which to reduce alimony payments because the appellee has not produced any evidence to indicate that this interest income was unanticipated or unforeseen." *Id.*

In this case, as in *McCarty*, Husband has introduced no evidence to show that Wife's move to full-time employment, with its corresponding increase in salary, was unanticipated by the parties

at the time of the divorce decree. The property agreement between the parties contains nothing indicating that Husband's agreement to pay Wife $4000 per month in alimony was predicated on the assumption that Wife would continue to work only part-time. Likewise, there is no evidence that the parties did not anticipate that Wife would receive interest from her savings.

Husband argues that the fact that Wife has been able to increase her savings and retirement accounts since the time of the parties' divorce demonstrates that she no longer needs $4000 per month in alimony, and is a sufficient basis for affirming the trial court's reduction in the alimony award. At trial, Wife testified that she had received $176,000 as her 60% share of the parties' property division in the divorce. She used $42,000 to buy a lot upon which to build a modest house, and placed the rest in savings. She stated that she currently had $168,000 in her savings account. Wife acknowledged that she had been able to save a portion of her income to add to her savings account, and that her job provided her with a retirement plan. However, had the parties remained married, Wife would have been able to save money and plan for retirement. The record contains no evidence that Wife "is now able to enjoy a higher standard of living now than before the divorce." *McCarty*, 863 S.W.2d at 720. We find that Wife's savings do not support a finding of a substantial and material change in circumstances.

The trial court also cited the decrease in Wife's expenses, due to Rodney's graduation from college and Alesha's maturation and completion of her education, in support of the finding of a substantial and material change in circumstances. However, the record contains no evidence that either of these events were unanticipated at the time the parties entered into the marital dissolution agreement.

Husband argues that he is entitled to a reduction in his alimony obligation because of his decreased income and increased responsibilities, both of which have reduced his ability to pay. The trial court stated that it assumed, from Husband's employment history, that Husband's unemployment was temporary, and that he would soon be earning substantially the same amount as he earned at the time of the divorce. The evidence does not preponderate against this finding. Moreover, the increased financial responsibilities cited by Husband were all voluntarily assumed, and an obligor spouse may not "avoid paying support by voluntarily assuming new financial obligations." *See Sanella v. Sanella*, 993 S.W.2d 73, 76 (Tenn. Ct. App. 1999); *See also Givler v. Givler*, 964 S.W.2d 902, 908 (Tenn. Ct. App. 1997); *Elliot v. Elliot*, 825 S.W.2d 87, 91 (Tenn. Ct. App. 1991); *Jones v. Jones*, 784 S.W.2d 349, 352 (Tenn. Ct. App. 1989). Therefore, neither Husband's temporary unemployment nor his increased financial responsibilities support a reduction in alimony.

Consequently, we find that the preponderance of the evidence does not support the trial court's finding of a substantial and material change in circumstances, justifying a decrease in alimony. The decision of the trial court is reversed. Wife's $4000 per month alimony is reinstated, retroactive to February 1999, and the cause is remanded for further proceedings consistent with this Opinion.

Wife seeks her attorney's fees and costs for this appeal. We find Wife's motion well-taken. *See Seal v. Seal*, 802 S.W.2d 617, 624 (Tenn. Ct. App. 1990)(holding that wife was entitled to attorney's fees incurred in defending her entitlement to alimony). Consequently, we grant Wife's request for attorney's fees and costs on appeal, and remand the cause to the trial court to hear proof and set a reasonable attorney's fee for this appeal.

The decision of the trial court is reversed. The cause is remanded to the trial court to determine a schedule for payment of the back alimony, as well as a determination of Wife's

reasonable attorney's fees and costs on appeal. Costs are assessed against the Appellee, Rodney Lee Williams, for which execution may issue, if necessary.

**HOLLY KIRBY LILLARD, J.**

**W. FRANK CRAWFORD, P. J., W.S.**

**ALAN E. HIGHERS, J.**