JO ANN BEACH HEDGE,          )
                             )
        Petitioner/Appellee, )
                             )        Appeal No.
                             )        01-A-01-9603-CH-00109
VS.                          )
                             )        Sumner Chancery
                             )        No. 36-210-2
JOHN HENRY HEDGE, III,       )
                             )
        Respondent/Appellant.)

FILED

August 2, 1996

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CHANCERY COURT OF SUMNER COUNTY
AT GALLATIN, TENNESSEE

THE HONORABLE TOM E. GRAY, CHANCELLOR

SANDRA JONES
213 Third Avenue, North
Nashville, Tennessee 37201
        Attorney for Petitioner/Appellee

LISA M. CARSON
306 Court Square
Franklin, Tennessee 37064
        Attorney for Respondent/Appellant

REVERSED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
LEWIS, J.
KOCH, J.

# O P I N I O N

In this post-divorce action for modification of alimony the appellant asserts that the appellee failed to prove that she had experienced a material change of circumstances since the original award. We agree and reverse the order modifying the award.

## I.

Jo Ann and John Henry Hedge were married for seventeen years before their divorce in 1977. The final decree awarded Ms. Hedge custody of the two minor children and ordered Mr. Hedge to pay alimony of $200 per month in addition to child support. In 1981, after the oldest child reached the age of eighteen, Ms. Hedge sought to increase child support for the remaining child. Mr. Hedge asked the court to eliminate the alimony. The court granted an increase in child support but denied the petition to terminate alimony.

In 1996, after both children became adults, Ms. Hedge petitioned the court for an increase in alimony. She testified that she had never been able to live as well as she did when she was married to Mr. Hedge; that her standard of living had remained about the same since the divorce but that it was harder to maintain that standard because of the general effect of inflation. Ms. Hedge did not work at the time of the divorce. She now works for the state of Tennessee and earns approximately $18,000 per year. She testified that she believed that her income was approximately the same in 1981. The chancellor increased Ms. Hedge's alimony from $200 to $600 per month.

**II.**

Courts may decree an increase or decrease in the amount of spousal support only upon a showing of a substantial and material change of circumstances. Tenn. Code Ann. § 36-5-101(a)(1). The party seeking a change in the support award has the burden of proving the substantial and material change. *McCarty v. McCarty*, 863 S.W.2d 716 (1992). A change of circumstances that was foreseeable at the time of the prior order is not material. *Id.* "Inflation is a common element of our economy and cannot be said to have been an unanticipated event." *Arnoult v. Arnoult*, Shelby Law 3, Court of Appeals (filed Jackson, June 10, 1991). The decline in a former spouse's standard of living since the prior decree is not evidence of a material change of circumstances. *Id.*

We are of the opinion that Ms. Hedge has not shown a substantial and material change of circumstances since the 1981 decree. Although, as the chancellor found, a dollar does not buy as much today as it did in 1981, the effect of inflation is foreseeable and thus not a material change.

Ms. Hedge filed a supplemental brief, citing cases where the courts have found that the termination of child support is a sufficient change of circumstances upon which to base a modification of alimony. *See Jones v. Jones*, 659 S.W.2d 23 (Tenn. App. 1983); *Willison v. Willison*, Court of Appeals No. 778 (filed Knoxville, Feb. 2, 1988). However, the youngest child went to live with Mr. Hedge in 1984 and the record does not show whether he ever lived with Ms. Hedge thereafter, or when he attained the age of majority. Therefore, we do not think such a remote event could be considered a material change of circumstances on which to modify the alimony award in 1996.

We reverse the chancellor's decree modifying the amount of alimony, and remand the case to the Chancery Court of Sumner County for any further proceedings that become necessary.  Tax the costs on appeal to the appellee.

_____
BEN H. CANTRELL, JUDGE


CONCUR:


_____
SAMUEL L. LEWIS, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE