# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**June 18, 1999**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **TRACY RENEE MIGLIN,** | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | Maury Chancery No. 95-725 |
| | ) | |
| **v.** | ) | |
| | ) | Appeal No. 01A01-9802-CH-00080 |
| **DANIEL WALTER MIGLIN,** | ) | |
| | ) | |
| Defendant/Appellant. | ) | |

## APPEAL FROM THE CHANCERY COURT OF MAURY COUNTY
## AT COLUMBIA, TENNESSEE

### THE HONORABLE JIM T. HAMILTON, CHANCELLOR

For the Plaintiff/Appellee:

Barbara J. Walker
Columbia, Tennessee

For the Defendant/Appellant:

Louise R. Fontecchio
Nashville, Tennessee

**AFFIRMED IN PART,**
**REVERSED IN PART**
**AND REMANDED**

HOLLY KIRBY LILLARD, J.

CONCUR:

BEN H. CANTRELL, P.J., M.S.

WILLIAM BRYAN CAIN, J.

**OPINION**

This is a post-divorce case involving a petition to modify child support and modify or terminate alimony. The trial court ordered the father to pay child support according to the child support guidelines based on his year to date earnings, plus a percentage of any bonuses received. The trial court refused to modify or terminate alimony. The father now appeals. Because the bonuses were counted twice, we reverse the trial court's order for an additional percentage of bonuses received. The remainder of the trial court's order is affirmed.

The record in this case does not include a complete account of the prior litigation between the parties. The original divorce decree was appealed by the father, as set forth in *Miglin v. Miglin*, No. 01-A-01-9707-CH00362, 1998 WL 440724 (Tenn. App. Aug. 8, 1998). The facts are gleaned from our prior Opinion in *Miglin* as well as the record in this proceeding.

On May 7, 1996, Daniel Walter Miglin ("Father") and Tracy Renee Miglin ("Mother") were divorced. There were two children of the marriage, Jason Daniel Miglin, born on August 8, 1990, and Logan Andrew Miglin, born on August 17, 1993. Prior to the divorce, the trial court issued a temporary restraining order prohibiting Father from bothering or harming Mother or the children, but permitted Father to exercise scheduled visitation with the children. In the trial court's final decree of divorce, the trial court declared the parties divorced and made the temporary restraining order a permanent injunction. The trial court awarded custody of the children to Mother, ordered Father to pay child support in the amount of $1,097 per month based on his 1995 income and also ordered him to pay $300 per month in alimony. Father was ordered to pay one-half of Mother's attorney's fees. *Miglin v. Miglin*, 1998 WL 440724, at *2. Father filed a Notice of Appeal, which was dismissed without prejudice for lack of finality because the amount of Mother's attorney's fees had not been determined. *Id.*

On June 18, 1996, Mother filed a petition for contempt alleging Father violated the permanent restraining order. *Id.* The trial court did not find Father in contempt but expanded the scope of the permanent injunction. *Id.* Father filed a timely notice of appeal. *Id.* Subsequently, Mother filed another petition for contempt, while Father filed a petition to reduce or terminate alimony and also sought a reduction in child support. The trial court refused to terminate alimony and increased child support based upon Father's 1996 income. *Id.* On July 21, 1997, Father filed a Notice of Appeal seeking review of all of the trial court's orders. *Id.*

In *Miglin v. Miglin*, 1998 WL 440724 (Tenn. App. Aug. 8, 1998), this Court addressed Father's issues on appeal. Father's issues on appeal at that point included child custody, alimony and attorney's fees, division of marital property and the injunction against Father. The Court affirmed the award of custody to Mother, modified the injunction, affirmed the division of marital property, and affirmed the award of alimony and attorney's fees. *Id.* at *8. Child support was not addressed in that Opinion because Father did not raise the issue on appeal.

On October 24, 1997, while the above appeal was pending, Father filed another petition to modify alimony and child support. A hearing on this petition was held on December 19, 1997. The trial court ordered Father to pay $1,136 per month in child support, based on Father's average "year to date earnings" of $5,000 per month. In addition, the trial court required Father to pay thirty-two percent of any bonuses received by Father. The trial court did not terminate alimony and held, in part; "that the alimony issue is presently on appeal along with all other issues in this case, and that the alimony is due to terminate in August, 1998, for these reasons, plus the need of the Plaintiff, this alimony should not be terminated." From this decision, Father now appeals.

In this appeal, Father raises three issues. First, Father contends that the trial court erred in determining child support based upon his 1997 average yearly income rather than his income from August to December of 1997. Father asserts that in August 1997, Father's employer, Saturn Corporation, reduced overtime compensation for its employees. Father maintained that this action caused his monthly income to drop to $2,974; he argued that his future child support obligation should therefore be based upon his income for the last five months. Second, Father asserts that gross income from 1997 included bonuses, and the trial court erred in requiring Father to pay an additional thirty-two percent of any bonuses received, in effect "double-counting" his bonuses. Lastly, Father argues that the trial court erred in denying his petition to terminate alimony.

Our review of the findings of fact by the trial court is *de novo* upon the record of the trial court, accompanied by a presumption of correctness of the factual finding unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). Questions of law are reviewed *de novo* with no presumption of correctness. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

In Tennessee, modification of an existing child support order is governed by Tennessee Code Annotated § 36-5-101(a)(1) (Supp. 1998), which states:

2

In cases involving child support, upon application of either party, the court shall decree an increase or decrease of such allowance when there is found to be a *significant variance*, as defined in the child support guidelines established by subsection (e), between the guidelines and the amount of support currently ordered unless the variance has resulted from a previously court-ordered deviation from the guidelines and the circumstances which caused the deviation have not changed.

(emphasis added). A significant variance exists if there is a 15% difference in the existing support obligation and the support obligation under the guidelines based on present income. *See Turner v. Turner*, 919 S.W.2d 340, 343 (Tenn. App. 1995); Tenn. Comp. R. & Regs. tit. 19, ch. 1240-2-4-.02(3) (1994). Thus, to determine if child support should be modified, the trial court must first determine the non-custodial parent's income.

In this case, the trial court determined that Father's gross income was $5,000 per month, based upon Father's average gross income for 1997. The record consists of a statement of the evidence as well as exhibits which reflected Father's income for each pay period. Father testified that in August 1997, his employer decreased the amount of allowable overtime. Father asserts that child support should be determined upon his base salary of $2,974 per month, which excludes overtime pay. To support this argument, Father relies upon his gross income for the months of August, September, October, and November of 1997.

The record indicates that Father's overtime work varied throughout 1997. From January 1997 to July 1997 Father averaged $1,243 per month in overtime pay. In August 1997, Father received $334.58 in overtime pay. In September 1997, he received $102.95 in overtime pay, and in October 1997, he received a $218.35 bonus. In October and November 1997, Father worked no overtime. Based on these figures, the trial court found that Father's average year to date gross income was approximately $5,000 per month, including overtime as well as bonuses.

Under Rule 1240-2-4-.03(2) of the Child Support Guidelines, "[t]he child support award is based on a flat percentage of the obligor's net income . . . depending on the number of children for whom support is being set . . . ." Tenn. Comp. R. & Regs. tit. 19, ch. 1240-2-4-.03(2) (1994). In *Whitfield v. Whitfield*, No. 03A01-9404-CV-00140, 1994 WL 465796, at *2 (Tenn. App. August 30, 1994), the wife sought to calculate child support based upon the husband's gross income from five pay periods during which the husband was paid twice monthly. The trial court accepted the husband's testimony that his average monthly gross income was $9,000. *Whitfield*, 1994 WL 465796, at *1. The *Whitfield* Court noted that it was inappropriate for a child support award to be

3

based upon "an average income of [a] relative short duration." ***Id.*** (citing ***Linebaugh v. Temple***, 1994 WL 17074 (Tenn. App. Jan. 24, 1994).

In the case at bar, the record indicates that Father's income was $2,974 per month for October and November, four pay periods, excluding overtime. Father received some overtime during the months of August and September 1997. As in ***Whitfield*** and ***Linebaugh v. Temple***, we cannot say that the trial court erred in making its income calculation based on a longer time period. Considering the record as a whole, the evidence does not preponderate against the finding of the trial court that Father's average gross income was $5,000 per month based upon Father's average gross income for 1997.

Father also contends that the trial court erred in ordering Father to pay 32% of bonuses received in addition to the child support based on his gross income. Under the Guidelines, gross income includes bonuses and overtime pay. ***See*** Tenn. Comp. R. & Regs. tit. 19, ch. 1240-2-4-.03(3)(a) (1994). The trial court determined Father's average gross income from Father's statement of earnings, which included bonuses. Mother stipulates that this was error on the part of the trial court. Therefore, we reverse the order of the trial court requiring Father to pay an additional 32% of bonuses received.

Finally, Father argues that the trial court erred in denying his petition to terminate or modify alimony. The trial court denied the petition, reasoning that the alimony issue was on appeal, that alimony award was due to terminate in August 1998, and that Mother had a continued need for alimony. It is unclear in this appeal whether Father is appealing the original divorce decree, which was on appeal at the time of the trial court's hearing, or whether Father is appealing the denial of his second petition to modify alimony. Father cannot in this proceeding appeal for a second time the trial court's original award of alimony. This Court determined the issue in ***Miglin v. Miglin***, No. 01-A-01-9707-CH00362, 1998 WL 440724 (Tenn. App. Aug. 8, 1998).

If Father in this proceeding appeals the trial court's denial of his petition to modify or terminate alimony, the standard for modification of alimony is set forth in Tennessee Code Annotated § 36-5-101(a)(1) which states, in part, "the court may decree an increase or decrease of such allowance only upon a showing of a substantial and material change of circumstances . . . ." Tenn. Code Ann. § 36-5-101(a)(1) (Supp. 1998). The party seeking modification in alimony has the

4

burden of showing a substantial and material change in circumstances. *McCarty v. McCarty*, 863 S.W.2d 716, 719 (Tenn. App. 1992) (citing *Seal v. Seal*, 802 S.W.2d 617, 620 (Tenn. App. 1990)). Father proffered no evidence indicating a diminished need for alimony by Mother, and the trial court found that Mother had a continued need for alimony. Based on the trial court's factual finding that Father's average gross income was $5,000 per month, affirmed above, Mother's undiminished need for alimony, and the record as a whole, we find no error in the trial court's denial of Father's petition to modify or terminate alimony. The decision of the trial court is affirmed on this issue.

The decision of the trial court is affirmed in part and reversed in part as set forth above, and remanded for further proceedings consistent with this Opinion. Costs are assessed against Appellant, for which execution may issue if necessary.


_____
HOLLY KIRBY LILLARD, J.


**CONCUR:**



_____
**BEN H. CANTRELL, P.J., M.S.**



_____
**WILLIAM BRYAN CAIN, J.**