IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 8, 2002 Session

## TERRY B. HARDIN v. TERESA DIANE HARDIN

**Direct Appeal from the Circuit Court for Sumner County**
**No. 21177-C   Hon. C.L. Rogers, Judge**

**No. M2001-01845-COA-R3-CV - Filed September 12, 2002**

In this divorce action, the Trial Court classified monthly benefits paid to husband as marital property. On appeal, husband contends payments are disability benefits.  We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Jack Davis and Luther Ernest Cantrell, Nashville, Tennessee, for Appellant.

C. Ronald Blanton and Joseph Y. Longmire, Hendersonville, Tennessee, for Appellee.

## OPINION

In this divorce action, the Trial Court determined that the monthly payments received by the husband from the Ford Retirement Plan was a marital asset and declared the wife to have a 50% interest in the same and awarded her one-half of a lump sum payment already received by the husband in the amount of $6,000.00.  The husband has appealed.

The parties stipulated to a divorce pursuant to Tenn. Code Ann. §36-4-129.

The husband testified that he applied to Ford Company for disability benefits on May 25, 1999, and that he was disabled in May 1998. He further testified that he was terminated, and then put on medical leave, and was told that his only option was to take disability retirement. He further testified that he received $831.11 per month, and a lump sum payment of $12,026.28 in November 2000.

The wife testified that she contributed to the marital estate as a homemaker and parent. She testified that she had health problems, including Hepatitis C, and was unable to work, and she filed an exhibit consisting of documentation provided to her attorney via a subpoena to the Ford Motor Company.

The Trial Judge determined the Ford Retirement Plan was a retirement/pension plan and a marital asset. If the Trial Court is correct in its characterization of the monthly payment, then the payment constitutes marital property, subject to equitable division. Tenn. Code Ann. §36-4-121(b)(1)(B), *Cohen v. Cohen*, 937 S.W.2d 823 (Tenn. 1996). (*C.f., Gragg v. Gragg*, 12 S.W.3d 412 (Tenn. 2000) (holding that true disability payments replace lost income and are not marital property.)

Our review of the Trial Court's decision is *de novo* with a presumption of correctness of the Trial Court's findings of fact, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *McCarty v. McCarty*, 863 S.W.2d 716 (Tenn. Ct. App. 1992). No presumption of correctness attaches to the trial court's legal conclusions. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87 (Tenn. 1993). The issue thus becomes the correctness of the Trial Court's factual finding that the plan at issue under which the husband was receiving benefits was a retirement plan. The only proof on this issue is the husband's testimony and the documentary evidence. The Ford Motor Company wrote the husband regarding his "Application for Disability Retirement" from its division of "Retirement Relations". The letter states that the company was in receipt of the husband's application "necessary to support your retirement under the Ford-UAW Retirement Plan, commencing 6/1/99." The letter then explains that the husband would be subjected to a medical evaluation to determine his eligibility for a disability retirement. The letter repeatedly refers to the benefits and plan as "retirement". The husband's application was on a form entitled, "Ford-UAW Retirement Plan - Application for Retirement Benefits". The husband, from six choices for retirement type, checked "disability".

The information subpoenaed from Ford Motor Company and filed in evidence, consists of a cover letter to the attorney, a memo on Ford Motor Company letterhead regarding benefits information on husband, and attachment which is entitled, "Alternate Payee's Ford-UAW Pension Benefits". The memo regarding husband's benefits addresses three categories - health care, savings plans, and pension plans. Under the Pension Plans heading, the memo states "In response to your request for Pension data, please be advised that Mr. Hardin commenced a monthly retirement benefit from the Ford Motor Company-UAW Retirement Plan on June 1, 1999. The monthly benefit is currently $831.11." The memo continues that if a benefit from the pension plan is required for the alternate payee, then a QDRO is required. The attachment regarding alternate payee benefits sets forth the requirements for such a QDRO.

We conclude the evidence does not preponderate against the findings of th Trial Court. The documentation from the Ford Motor Company clearly indicates that the husband is receiving benefits under a retirement plan provided by his employer. There is no evidence of a separate disability policy. The memo from Ford Motor Company expressly states the husband is receiving a "monthly retirement benefit" pursuant to a pension plan, and further describes how the pension plan may be divided pursuant to a QDRO. The husband admitted that the only plan he had was his retirement plan through Ford/UAW. The application which the husband filled out states that it is an application for retirement. The husband maintains the monthly payments are for disability to replace lost income, but this is not borne out by the documentary evidence. The statutory definition of marital property is "virtually all inclusive", and specifically includes retirement benefits. *See Cohen*.

Accordingly, we affirm the Judgment of the Trial Court and remand. The cost of the appeal is assessed to Terry B. Hardin.

_____
HERSCHEL PICKENS FRANKS, J.