IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 2, 2003 Session

# CHATTANOOGA-HAMILTON COUNTY HOSPITAL AUTHORITY d/b/a ERLANGER MEDICAL CENTER v. ADE ONI, M.D.

**Direct Appeal from the Circuit Court for Hamilton County**
**No. 00C590      Hon. Jacqueline E. Schulten, Circuit Judge**

**FILED MAY 22, 2003**

**No. E2002-01758-COA-R3-CV**

Action on lease and Trial Court awarded Judgment for rent and expenses. On appeal, we affirm as modified.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed, as Modified.**

HERSCHEL PICKENS FRANKS, J. delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Jeffrey D. Boehm, Chattanooga, Tennessee, for Appellant.

Robert G. Norred, Jr., Chattanooga, Tennessee, for Appellee.

## OPINION

In this action on a written lease and other agreement with defendant, it was alleged that no rent had been paid by defendant, and that $18,600.00 was owed in back rent. Attorney's fees were sought under the terms of the lease, and also that defendant owed $3,980.61 for services provided pursuant to a telephone answering agreement.

Defendant answered and Counter-claimed. He denied that he signed the written lease attached to the Complaint, and asserted that the parties had an oral agreement which controlled. He

claimed that his back rent was only $13,061.00 and acknowledged that he had entered into the telephone agreement, but that he terminated it on October 3, 1997.

In his counter-claim, defendant asserted that he and plaintiff entered into an Agreement on September 1, 1996, and that he was to be reimbursed $120,000.00 for one year in expenses from plaintiff. He alleged that plaintiff failed to reimburse him for the last $10,190.00 in expenses he incurred, and that because of this failure, he had equipment repossessed and lost employees, as well as his practice being damaged. In response, plaintiff amended its complaint to add Omni Primary Care as a defendant,[1] and further alleged that defendant had occupied office space since September 1996, and had failed to pay rent from September 1996 until April 1998, and that it was owed $1,320.00 for services under the telephone agreement, and $2,259.55 for services from Telecom phone service, from June 1997 to February 1998.

Following an evidentiary hearing, the Trial Court entered an Order finding that defendant "was solicited by Erlanger to fill a need for primary care physicians at the facility, and entered into a Physicians Services Agreement on September 1, 1996." The Court found that "on June 1, 1997 with an Addendum signed in August of 1997, the parties entered into a Professional Office Building Lease." The Court further found that the Physicians Services Agreement provided that defendant was to be paid up to $120,000.00 per year in "reimbursable non-capital office expenses", and that "herein lies the rub between the two parties." The Court said that defendant owed Erlanger for rent and telephone expenses with an agreed offset of $10,000.00, plus reasonable attorney's fees and costs.

The Court further found that defendant owed rent from January 1, 1997 to April 1, 1998, in the sum of $27,988.65. The "Court held that although defendant claimed he had cancelled the telephone triage agreement, he continued to receive services under the agreement and the "overwhelming proof" established that he owed $1,300.00 in unpaid telephone triage agreement costs. The Court said there was no dispute that defendant owed for phone services from Telecom in the amount of $2,259.55, and that the total award against defendant was $21,548.20 plus attorney's fees of $7,110.00.

On appeal, defendant's issue as stated is "whether the Trial Court misconstrued the successive agreements and rendered a judgment contrary to the facts and the weight of the evidence". The issue as stated is too general to review. However, defendant in his brief specifically raises issues as to certain amounts awarded against him by the Trial Court.

Our standard of review of the trial court's Judgment is *de novo* with a presumption of correctness of the trial court's findings of fact, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *McCarty v. McCarty*, 863 S.W.2d 716 (Tenn. Ct. App. 1992). No presumption of correctness attaches to the trial court's legal conclusions. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87 (Tenn. 1993). Defendant concedes that he did not pay rent on the

---

[1]Defendant testified he was an employee of Omni Primary Care.

office space he occupied until April of 1998.  However, he claims he was never billed for the rent until after the expiration of the Physician's Services Agreement, which expired at the end of August, 1997.  A witness for plaintiff claimed that defendant began being billed for rent in June of 1997, and that he owed rent from June of 1997 to April of 1998.  Another witness said that the lease was submitted to defendant in June of 1997, and that is the date reflected on the lease, but that it really began in January of 1997.  Defendant insists that he only owed rent from September 1997 to March of 1998.[2]

The lease document reflects a beginning date of June 1, 1997, though it was not executed until August.  The addendum to the lease states that it was made a part of the lease, and that the lease was dated January 1, 1997, which conflicts with the date on the original document.  Plaintiff is seeking to enforce this lease and damages for its breach.  Thus, it bears the burden of proving the terms of the contract and that those terms were breached.  *John H. Moore & Sons v. Adams*, 324 S.W.2d 499 (Tenn. Ct. App. 1959).[3]

From an examination of the lease document, including its addendum, it is clear that the document is ambiguous regarding the start of the lease term.  This document was prepared by plaintiff, and where a document is ambiguous, it is construed most strongly against the party who drafted the instrument.  *Hanover Ins. Co. v. Haney*, 425 S.W.2d 590, 592 (Tenn. 1968).  Plaintiff's representatives claim that the earliest that defendant would have been billed for rent would have been June of 1997, and there was no proof that defendant was billed for rent back to the alleged starting date of January.  Moreover, a witness testified that the space was not completed until June, and the original Complaint filed by plaintiff only sought rent from June forward, although it later amended to seek rent from September 1996.  Defendant testified that he was in the space from September 1996 on, but was never billed for rent until the Physician's Services Agreement terminated.  Plaintiff had the burden of proving the terms of the contract and that the services were provided.  *John H. Moore v. Adams*, 324 S.W.2d 499 (Tenn. Ct. App. 1959).

Based on testimony which the Court properly allowed to explain the ambiguities in the agreement, the rental payments were intended from June 1997.  Plaintiff failed to show there was any agreement to pay rent before that time.  In fact, the lease was not actually executed until August.  Accordingly, we hold that the Judgment for the back rent should be reduced, and upon remand, a

---

[2]Dr. Oni asserts in his brief that the judgment should have been against the corporation rather than against him individually, but then seems to concede at times that he is the proper defendant.  There was no proof at trial regarding the status of the corporation, or that the corporation was the proper party to be sued on these obligations, and with the exception of the lease agreement purporting to be signed in corporate capacity, these were all clearly individual agreements made by Dr. Oni.

[3] Plaintiff argues in its brief that an oral lease agreement existed prior to the written lease, but there was no evidence of this introduced at trial.  The record indicates that persons not called by plaintiff as witnesses were involved in the transaction with defendant.

Judgment should be entered for the months of the rental beginning in June of 1997.

Defendant did not dispute that he owed Telecom expenses, but claims that the costs for June, July, and August 1997 should not have been included because this was during the term of the Physician's Services Agreement. The agreement, however, does not provide that such services would be provided free of charge. Defendant did not dispute that these charges were incurred, and a witness for plaintiff explained that no charges were incurred before June, and that this is why the billing started at that time. We find that the Judgment for the Telecom charges in the amount of $2,259.55.00 was proven and is affirmed.

As to the telephone triage agreement, the agreement provides that it can be terminated by the subscriber on ten days' notice, and defendant claims that such notice of termination was sent. Defendant offered no proof that the termination notice was received, however, and did not dispute testimony regarding his use of the service. The undisputed evidence shows that the termination letter was not received, and the services continued to be provided through May 3, of 1998. Defendant denied that he received the numerous letters and bills that were sent, and claimed that he had subscribed to another answering service, but never disputed that he continued to receive the telephone triage services. The Court found that this claim was established by "overwhelming proof". The evidence does not preponderate against this finding, and the Trial Court obviously credited the testimony of plaintiff's representative with regard to these services being provided , and defendant did not dispute that he received them. We affirm the Judgment for $1,300.00 for this service, as found by the Trial Court. Tenn. R. App. P. 13(d).

Plaintiff was awarded attorney's fees from defendant based on the amount of recovery, but, as we have noted, the Court's judgment of rent is reduced. Since we substantially reduced the amount of recovery, the award of attorney's fees is reduced to $4,073.00.

Finally, defendant argues that his counter-claim against plaintiff should have been sustained, but the Trial Court found defendant failed to establish that his damages were proximately caused by plaintiff, and the evidence does not preponderate against this finding. Tenn. R. App. P. 13(d). We affirm the denial of this counter-claim.

The Judgment of the Trial Court is affirmed, as modified. Upon remand, the amount of back rent awarded will be reduced by five months' rent at $1,866.00 per month.

The cost of the appeal is assessed one-half to Erlanger Medical Center and one-half to Ade Oni.

_____
HERSCHEL PICKENS FRANKS, J.

-4-