IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 15, 2003 Session

## FRANKIE PAULINE MAPLES  v. FRANK ALLEN MAPLES

**Appeal from the Circuit Court for Knox County**
**No. 54419      Bill Swann, Circuit Judge**

**FILED NOVEMBER 25, 2003**

**No. E2003-00722-COA-R3-CV**

---

Husband, for the second time, seeks a reduction in his alimony obligation, claiming that his bona fide retirement coincided with a substantial decrease in income.  The trial court modified the obligation by reducing it to $919.50 monthly.  Wife receives $752.00 from social security.  Her reasonable expenses were found to be $2176.00.  Husband appeals, insisting that the reduction is insufficient.  Wife presents for review the issue of whether any reduction was justified.  We reinstate the initial award, finding that Husband, as in the prior appeal, continued his pattern of conduct in restructuring his assets to award his obligation.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Frank L. Flynn, Knoxville, Tennessee, attorney for appellant, Frank Allen Maples.

Mike A. Hickman, Maryville, Tennessee, attorney for the appellee, Frankie Pauline Maples.

### OPINION

Both parties present issues, which we restate: (1) whether Husband's retirement was objectively reasonable and thus constitutes a material change in circumstances; (2) whether the reduction in alimony was appropriate; (3) whether attorney fees should have been awarded to Wife.

This Court's review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d), ***Bogan v. Bogan***, 60 S.W.3d 721, 727 (Tenn. 2001).  In addition, this Court has held that "trial courts have broad discretion to determine whether spousal support is needed and, if so, its nature, amount and duration," ***Anderton v. Anderton***, 988 S.W.2d 675, 682 (Tenn. Ct. App. 1998), and a trial court's determination of spousal support will generally not be altered by this Court unless the trial court abused its discretion.  Trial courts are to apply the factors

outlined in Tenn. Code Ann. § 36-5-101(d)(1) when determining spousal support, and the need for support and the ability to pay are the critical factors. ***Anderton v. Anderton,*** *supra.* In the case at Bar, Wife has a considerable need for her income to be supplemented by spousal support, and Husband has the ability through his income and other assets to pay.

These parties were married in 1954 and divorced in 1999. Husband is seventy years old: Wife is sixty-nine. Each has health problems. At the time of the divorce, Husband was earning $8500.00 per month pursuant to a contract resulting from the sale of his business. The contractual payments ended in December 1998 and his income fell to $1355.00 per month, derived solely from social security. Wife had no income at the time of divorce, and was awarded $2200.00 per month in alimony *in futuro*, later reduced to $1682.00 monthly when she began to receive her social security payments. Her present income is $752.00 monthly, exclusive of alimony; her monthly expenses are $2176.00. The current complaint to modify was filed in 2001, again alleging a material change in circumstances, in that Husband had retired, and his sole income was social security payments. He alleged that his retirement was bona fide, that he has no other income, and owing to his age and health, has no prospects for additional income. His obligation to pay alimony was reduced to $919.50 per month. Wife therefore has $1671.50 monthly income which she argues is insufficient for her needs; Husband argues that the reduction is insufficient because he has only $435.50 for his maintenance.

Husband has been remarried for eleven years. He and his present wife live and work on their farm of about thirty acres. In 1998, shortly before the expiration of his consulting agreement, he filed a petition to modify the original alimony award, and the decree was modified by reducing alimony to $718.00 per month. On appeal, the reduction was disallowed because the husband's decreased income was foreseeable and therefore could not be considered as a material change in circumstances.[1] We also found that Husband deliberately restructured his assets by dissipation and otherwise in order to relieve the alimony award. *See,* ***Maples v. Maples***, 2000 WL 281660 (Tenn. Ct. App. 2000).

The trial judge found that the circumstances in this case "falls foursquare" under the facts and holding of ***Bogan v. Bogan***, 60 S.W.3d 671 (Tenn. 2001), wherein the Supreme Court, in ruling on the issue of whether bona fide retirement, with a concomitant reduction in income and the means to pay alimony, was a material change in circumstances, held:

> A bona fide retirement need only be objectively reasonable under the totality of the circumstances to constitute a material change in circumstances. In so holding, we reject, in the retirement context, the traditional test requiring an involuntary and unforeseen change in circumstances to modify a support award.

The trial judge then found that Husband's retirement in 1998, when his contractual benefits ceased, superimposed upon his age and deteriorating health, was objectively reasonable and thus constituted

---

[1] ***Bogan v. Bogan***, 60 S.W.3d 721 (Tenn. 2001) modified this perspective.

such a material change in circumstances as to require a reconsideration of the amount of his alimony obligation.

We would be in agreement with this finding except for the rather obvious pattern of conduct engaged in by Husband. In the first appeal we found, in a polite way, that he was restructuring his assets in a deliberate attempt to avoid his alimony obligation. *Bogan* presented a new perspective; hence the present litigation. But *Bogan* offers Husband no succor; his restructuring and dissipation of assets to avoid his alimony obligation continued. For instance, his brokerage account at Edward Jones Inc., as of January 29, 1999 was $178,000.00 which consisted of an annuity of $148,000.00 with the remainder in corporate stocks. After the first case was decided on appeal, he began withdrawing $1100.00 monthly. From March to August 2000 he withdrew $48,000.00 and purchased farm equipment, thirteen Holstein cows, tithed $5000.00 to his church, and made other expenditures. He purchased a used car for his son for $3500.00; a new truck, 2001 model, cost $23,779.00; a new tractor, after trade-in, cost $16,700.00; a camper cost $10,000.00; a lake lot with a mobile home cost $15,000.00. He and his present wife own a thirty-acre farm valued at $390,000.00; his cattle are worth $28,000.00. We need not specify additional expenditures, because we are not obliged to take and state an accounting of Husband's income and assets. We do note that in 1999 he made charitable contributions of $7674.00; in 2000 he made charitable contributions of $9055.00 and in 2001, charitable contribution of $9130.00. We also note that Husband sold a lot on Tellico lake for $17,000.00 and professed to having no recollection of how he spent, or invested, the proceeds.

We hold, as we must, that Husband cannot be allowed to manipulate assets so as to create what prima facie appears to be a material change in circumstances for his benefit. The evidence reveals that he has profligately "spent down his investments" as Wife argues, and that he has made no effort whatever to convert non-income producing assets to those which could produce income. The record also reflects that he has commingled his assets with his new wife, thereby hindering his ready access to cash.

We hold that the evidence preponderates against the judgment reducing the monthly alimony, and Husband's obligation to pay periodic alimony is reinstated at $1415.00 per month.[2]

We agree with Wife's argument that she should not have to pay the cost of defending her entitlement to alimony. *See, McCarty v. McCarty*, 863 S.W.2d 716 (Tenn. Ct. App. 1998), *Sanella v. Sanella*, 993 S.W.2d 73 (Tenn. Ct. App. 1999). The judgment denying attorney fees is reversed and the case is remanded to the trial court for a determination of the amount of attorney fees, both at trial and on appeal.

---

[2] The trial judge found that Wife reasonably required $2167.00 for living expenses. We agree with this finding. She receives $752.00 social security, which should be deducted (together with any future increases) from his monthly requirements.

Costs are assessed to Husband.

_____
WILLIAM H. INMAN, SENIOR JUDGE